LATHAM v. LUMBER CO.

(Filed September 12, 1905).

*Action for Waste—Contingent Remaindermen.*

1. While the owner of the inheritance, either by way of reversion or vested remainder can maintain an action for waste, yet one entitled to a contingent remainder cannot maintain such an action, but the interest of a contingent remainderman in the timber will be protected by a Court of Equity by injunction.

2. Where lands were devised to a daughter for life "and after her death, the said lands are to go to the children of my said daughter and the children of such as are dead," and the life tenant, who is living, had several children, one of whom married and died, leaving the plaintiffs the issue of such marriage, *held,* the plaintiffs have but a contingent remainder, which may never vest, and they cannot during the life of the life tenant maintain an action for waste for timber cut.

ACTION by Thos. H. Latham and others against Roanoke Railroad and Lumber Co., heard by *Judge G. W. Ward* upon the pleadings and facts agreed at the July Special Term of the Superior Court of WASHINGTON County.

William Alsbrook devised the land from which the timber in controversy was cut to his daughter, Sabra Harrison, for life, concluding with the words: "And after her death the said land and negroes are to go to the children of my said daughter and the children of such as are dead." Sabra Harrison, who is living, had thirteen children, one of whom intermarried with B. D. Latham and died, leaving the plaintiffs the issue of such marriage. During the year 1892 a special proceeding was instituted in the Superior Court of Washington County by said Sabra Harrison and her then living children, including the mother of plaintiffs, and the children of such as were dead, for the purpose of procuring an order for the sale of the timber on said land. At said

sale, by a commissioner appointed in said proceeding, the defendant corporation purchased, paid for and took a deed for said timber. The mother of plaintiffs received her share of the purchase money therefor. The plaintiffs were not parties to said proceeding. Mrs. Latham died prior to the commencement of this action. They sue for one-thirteenth of the value of the timber—found by the jury to be $159, less $43.65, the value of the life estate of Mrs. Harrison. His Honor being of the opinion upon the foregoing facts that the plaintiffs were not entitled to recover, rendered judgment accordingly, and they appealed.

*H. S. Ward* for the plaintiffs.
*A. O. Gaylord* for the defendant.

CONNOR, J. The plaintiffs having neither the possession, nor the right thereto, cannot maintain an action for trespass. The authorities cited by their counsel in his well considered brief amply sustain the right of the owner of the inheritance, either by way of reversion or vested remainder, to sue for waste and recover the damage to the inheritance. *Burnett v. Thompson,* 51 N. C., 210 ; *Walls v. Williams,* 91 N. C., 477 ; *Dorsey v. Moore,* 100 N. C., 41. It is equally well settled that one entitled to a contingent remainder cannot maintain an action to recover damages for waste. *Hunt v. Hall,* 37 Me., 363. That was "An action on the case in the nature of waste." The land upon which the timber was cut was devised to the wife of the testator for life, remainder, "after her death" to the children of testator and "the heirs of such as may then be deceased." It was held that the plaintiffs, children of the deceased daughter, could not maintain the action during the life of the first taken. This case is cited with approval by *Mr. Justice Walker* in *Bowen v. Hackney,* 136 N. C., 193 ; *Mays v. Feaster,* 2 McCord Eq. (S. C.), 137 ; 30 Am. & Eng. Enc., (2 Ed.), 275. The interest of a contingent

remainderman in the timber will be protected by a court of equity by injunction. *University v. Tucker,* 31 W. Va., 621. It therefore becomes necessary to consider and decide the question whether plaintiffs took, under the will, upon the death of their mother, a vested or contingent remainder. Their counsel contends that the mother took but a contingent remainder dependent upon her surviving the life tenant. His view is thus clearly stated in his brief: "If one of the children of Sabra Harrison die before she does, the remainder is at an end and can never vest and another remainder to her children is substituted who can take nothing from their parent, but under the will." After further discussion he says: "It is made clear, we think, that the time at which the limitation should take effect in interest and not merely in enjoyment, was at the death of Sabra Harrison. The will expressly says so." The authorities cited sustain his contention. *Whitesides v. Cooper,* 115 N. C., 570; *Bowen v. Hackney,* 136 N. C., 187, in which the cases are cited and reviewed by *Mr. Justice Walker; Irvin v. Clark,* 98 N. C., 444; *Hunt v. Hall, supra; Olney v. Hull,* 21 Pick., 301. It being conceded that only those children of Mrs. Sabra Harrison, who are living at the time of her death, can take the land, why is it not equally true that only those of her grandchildren who are living at that time can take under the will, and that until such time the remainder is contingent? How is it to be known until that time whether the plaintiffs, or any of them, will ever take any estate in the land? If all recover the value of the timber and one or more of them die before the death of Mrs. Harrison, is it not manifest that such as may die before her death have never sustained any damage by the act of defendant in cutting the timber, what is to prevent those who may survive recovering the share which would have vested in those who have died? The death of either will disturb the share or proportion of the survivors. If all should die it may be that as those who would in that

event take were parties to the special proceeding they would not be entitled to recover for the share which would have accrued to plaintiffs. Without deciding any of these questions, it is clear that plaintiffs, during the life of Mrs. Harrison, have but a contingent remainder which may never vest. The plaintiffs' counsel insist that although they have sought to recover only one-thirteenth of the value of the timber upon the theory that plaintiffs, will at the death of Mrs. Harrison, take by substitution the share which would have vested in their mother if she had survived, that they are in fact entitled to share equally, when the life estate falls in, with all of the children and grandchildren upon a *per capita* basis of division. If he is correct in this view it is manifest that they may not recover in this action, for it is impossible to say now what amount they may then be entitled to. No one can foresee how, many deaths may occur during Mrs. Harrison's life, or how such deaths would affect the rights of the plaintiffs if they survive her. It is possible that by the death of several of the children, leaving a number of grandchildren, the share upon a *per capita* division would be materially diminished. These are contingencies which obstruct the plaintiffs' right to recover in this action. It would seem, therefore, that for the purpose of disposing of this appeal it is immaterial whether the plaintiffs or such of them as may then be *in esse,* will upon the death of Mrs. Harrison, take by substitution or *per capita.* The question is not free from difficulty. As the conclusion to which His Honor arrived puts an end to this action, it is not necessary to decide the other interesting questions discussed by counsel.

The judgment of His Honor must be

Affirmed.