The facts are sufficiently stated in the opinion of the Court.
This is an action for waste alleged to have been committed by the defendant, who is the owner of a life estate in the land, by virtue of a devise contained in the will of her husband, John Richardson, which is as follows: "I give and devise to my beloved wife 396 acres of land, more or less, it being the home place whereon I now live, to have and to hold during her lifetime, and at her death I will and direct that lot No. 1 (as I have already divided it), containing 208 1/2 acres, more or less, shall descend to and belong to John Richardson, son of S. J. Richardson, during his lifetime, and at his death the said land shall belong to his children at his death, in that event said land shall belong to his brothers, viz., James Richardson, Lathan Richardson, Eli Richardson and Frank Richardson."
The action is brought by John Richardson, son of S. J. Richardson, to whom a life estate in remainder was devised in the said will, to take effect at the death of Sarah A. Richardson, the widow. There was a limitation over at the death of the said John Richardson to his children. It is contended by the defendant that the plaintiff cannot maintain this action, as by the will of John Richardson he acquired only a contingent remainder, and it is conceded that an action for waste cannot be brought by a contingent remainderman, but, for the protection of his right or interest, he must resort to the remedy by injunction. Latham v. Lumber Co.,139 N.C. 9. *Page 674 
(706) The only question which we deem it necessary to discuss and decide is whether the plaintiff, John Richardson, by the terms of the will acquired a vested or a contingent remainder. There are, according to Mr. Fearne, four kinds of contingent remainders:
1. Where the remainder depends entirely on a contingent determination of the preceding estate itself, as if A makes a feoffment to the use of B till C returns from Rome, and after such return of C then to remain over in fee. Here the particular estate is limited to determine on the return of C, and only on that determination of it is the remainder to take effect; but that is an event which possibly may never happen, therefore the remainder which depends entirely upon the determination of the preceding estate by it is contingent.
2. The second kind of contingent remainder is where some uncertain event, unconnected with and collateral to the determination of the preceding estate, is by the nature of the limitation to precede the remainder. Thus, as Lord Coke says, if a lease for life be made to A, B and C, and of B survives C, then the remainder to B and his heirs. Here the event of B's surviving C does not effect the determination of the particular estate; nevertheless, it must precede and give effect to B's remainder; but as such an event is dubious, the remainder is contingent. In the contingent remainders which fall under this head, the event which makes them contingent does not in any way depend on the manner in which the particular estate determines, as whether it determines in one manner or another, the remainder takes place equally. This distinguishes them from the first sort.
3. The third kind of contingent remainder is where it is limited to take effect upon an event which, thought it certainly must happen some time or other, yet may not happen until after the determination of the particular estate. For it is a rule of law that a remainder must vest, either during the continuance of the particular estate or at the very instant of its determination. So that, if the event does not happen during the continuance of the particular estate, the remainder becomes void. Thus, if a lease be made to A for his life, and after the death of B remainder to another in fee, this remainder is contingent, for though B must die some time or other, yet he may survive A, by whose death the particular estate will determine and the remainder become void.
4. The fourth kind of contingent remainder is where it is limited to a person not ascertained, or not in being at the time when such limitation is made. Thus, if a lease be made to one for life, the remainder to the right heirs of A; now there can be no such person as the right (707) heir of A until his death, for nemo est haeres viventis; and A may not die until after the determination of the particular estate; therefore, such remainder is contingent. Again, where an estate is *Page 675 
limited to two persons during their joint lives, the remainder to the survivor of them in fee, such remainder is contingent, because it is uncertain which of them will survive.
Vested remainders, or remainders executed, are those by which the present interest passes to the party, though to be enjoyed in the future, and by which the estate is invariably fixed to remain to a determinate person, after the particular estate is spent. The person entitled to a vested remainder has an immediate fixed right of future enjoyment, that is, an estate in praesenti, though it is only to take effect in possession and pernancy of the profits at a future period, and such an estate may be transferred, aliened and charged, much in the same manner as an estate in possession, as distinguished from one which is vested in interest. The remainder is said to be contingent when it is limited to take effect on an event or condition which may never happen or be performed, or which may not happen or be performed till after the determination of the preceding particular estate, in which case, as we have shown, such remainder never can take effect. 1 Greenleaf's Cruise on Real Property, (2 Ed.), 703 etseq.
In 1 Fearne on Remainders (Ed. of 1845), p. 216, he thus states and illustrates the difference between a vested and a contingent remainder: "It is not the uncertainty of ever taking effect in possession that makes a remainder contingent; for to that, every remainder for life or in tail is and must be liable; as the remainderman may die, or die without issue before the death of the tenant for life. The present capacity of taking effect in possession, if the possession were to become vacant, and not the certainty that the possession will become vacant before the estate limited in remainder determines, universally distinguishes a vested remainder from one that is contingent. For instance, if there be a lease for life to A, remainder to B for life, here the remainder to B is vested, although it may possibly never take effect in possession, because B may die before A; yet, from the very instant of its limitation, it is capable of taking effect in possession, if the possession were to fall by the death of A; it is therefore vested in interest, though perhaps the interest so vested may determine, by B's death, before the possession he waits for may become vacant." In commenting upon this passage from Mr. Fearne, this Court, in a very able and learned opinion by ChiefJustice Shepherd in Starnes v. Hill, 112 N.C. 1, thus qualified or explained the language of Mr. Fearne: "In support of the plaintiff's contention, we are referred to the principle laid down by (708) Mr. Fearne (supra, 217) in a passage which has often been quoted in text-books and judicial opinions, but seldom accompanied with the explanation of the learned author in its immediate connection. Ib., 216, 217. The language is as follows: `The present capacity of taking *Page 676 
effect in possession, if the possession were to become vacant, and not the certainty that the possession will become vacant before the estate limited in remainder determines, universally distinguishes a vested remainder from one that is contingent.' It is urged that, inasmuch as the death of Madara J. (his wife) is an event which must happen, and as R. O. Patterson is a person in esse, the latter would have the capacity of taking the possession should the preceding estate of the said Madara J. be presently determined by her death, and, therefore, under the foregoing rule, his estate would be a vested remainder. The fallacy of the argument may be found in the failure to observe that at common law the particular estate may be determined during the lifetime of its tenant (as by forfeiture or surrender; Fearne,supra, 217; Tiedeman Real Prop., 401; 4 Kent Com., 254), in which case it is entirely clear that the remainder to R. O. Patterson would be defeated, because the event upon the happening of which his interest was to vest, to wit, the survival of his wife, would not have transpired during the continuance of the particular estate (Fearne, 217; 2 Minor Inst., 170, 171), and it is common learning that the contingency must happen during the continuance of the particular estate or eo instanti it determines. 2 Blk. Com., 168."
In the case we are now considering, the plaintiffs seek, by their action, not only to recover damages for the waste alleged to have been committed, but to have the life estate of Mrs. Sarah A. Richardson, the widow of John Richardson, declared to have been forfeited by reason of the waste so committed by her. In other words, we have presented practically and in concrete form the very example which is given by Chief JusticeShepherd in the case to which we have just referred. It is true that there the remainder could not vest in interest, or even in possession, unless R. O. Patterson survived his wife, and this, by its very nature, was a contingent event, but we do not perceive how any reasonable or practical distinction can be made between a case where the survivorship of one party by another is required to vest the remainder in interest and possession, and one where the remainder is limited to take effect, not generally after a life estate, but at the death of another.
In this case the court entered a judgment of nonsuit at the close of the evidence and on motion of the defendant; but suppose this ruling (709) had been just the reverse of what it was at the trial, and the court had entered judgment, not only for the damages assessed by the jury, but for a forfeiture of the life estate of the widow. Under the statute of Gloucester (6 Edw. I.), which we have adopted (Revisal, sec. 858), it would follow that the life estate would have determined before the happening of the event, namely, the death of the widow, upon which the remainder was to vest in the plaintiff. The widow would have lost *Page 677 
her life estate, as the plaintiff would have recovered the place wasted, by virtue of the statute, but the interest in and the possession of the land would have vested in him under the judgment of the court declaring a forfeiture of the life estate, and not by virtue of the terms of the will, as it is evident the testator intended that the plaintiff should have no vested interest in the land until the death of the widow, and that intention of the testator must prevail. We have a case, therefore, where the life estate may be determined or destroyed before the happening of the event upon which the estate is limited to the plaintiff in remainder, and if we follow the rule as laid down in Starnes v. Hill, we must hold that the remainder to the plaintiff was contingent, and, therefore, that he cannot maintain this action.
Where an estate is limited to A for life, with remainder to B for life, and there is a forfeiture or surrender of the first life estate, it determines and the estate in remainder becomes immediately vested, as there is nothing in the limitation to prevent its vesting at once. But in our case, if the first life estate is determined by forfeiture, surrender or otherwise, and the life tenant survives its determination, the remainder cannot take effect, by the express words of the will, until the death of the widow, whereas the imperative rule of the law requires that the remainder must vest, that is, the contingency must happen, during the continuance of the particular estate or eo instanti it determines. The life estate is destroyed by the forfeiture resulting from the waste under the statute, and yet the event upon which the plaintiff is to take his estate in remainder has not happened.
The court below ruled in accordance with the views we have expressed, and finding no error in the judgment, we must affirm it.
Affirmed.
Cited: Vinson v. Wise, 159 N.C. 655.
(710)