## GOLDSBORO LUMBER COMPANY v. HINES BROTHERS LUMBER COMPANY.

(Filed 21 September, 1910.)

**Wills, Interpretation of—Life Estates—Devise to Widow—Dower, Lieu of—Sale of Timber—Consent.**

A devise of lands to two minor granddaughters, and to testator's "present wife"; her life right to and in said premises and lands for her support and for the support of said minor heirs, *Held*, (1) the words "for her support and the support of the minor heirs" do not constitute a condition precedent to the vesting of the life right or estate of the widow, or a condition subsequent by which the estate could be defeated; (2) the devise to the widow was in lieu of dower; (3) the granddaughters, now being of age, could not sell the standing timber on the lands without the consent of the widow, the life tenant.

APPEAL by defendant from *Guion, J.,* at Spring Term, 1909, of JONES.

The facts are sufficiently stated in the opinion.

*Warren & Warren* and *Simmons, Ward & Allen* for plaintiff.
*Loftin, Varser & Dawson* and *Rouse & Land* for defendant.

CLARK, C. J. The item of the will of Felix E. King (who died in 1885) to be construed is as follows: "I give and bequeath to my granddaughters, Effie A. King and Katie E. King, all of my home tract of land known as the Moses Saunders tract of land, containing 450 acres, more or less, to have and to hold in fee simple forever. And if my present wife should survive me she shall have her life right to and in said premises and lands for her support and for the support of said minor heirs."

The defendant has acquired the interest of Effie E. King in the timber on said tract. The plaintiff has acquired the interest

153—4

of Katie E. King in said timber; and also the interest, if any, of Mary King, the widow of the testator.

The defendant contends that the widow, Mary King, did not acquire any estate or interest in the land but merely the right to her support out of the said land, and that this is only a charge upon the rents and profits from the land, and that no interest whatever in the timber was conveyed to the plaintiff by her deed. That, therefore, the defendant is entitled to one-half interest in the timber rights on said land under its deed from Effie A. Taylor.

In *Wellons v. Jordan,* 83 N. C., 371, the testator devised certain lands to his grandson, he to take care of his father and mother during their lives, and to hold the aforesaid property his lifetime, and if he should take care of his parents, etc., and have issue, said property to be theirs in fee at his death; but if he should die without issue, then it was to descend to the testator's daughters in fee. *Held,* (1) that a due support of the parents of the devisee was not a condition precedent to the vesting of the remainder in fee in his issue; (2) that even if such were a proper construction of the will, only the heirs of the testator could take advantage of the breach of the condition. The court said (p. 375): "At most it would be a charge on the estate, a personal obligation on the devisee, as was held in *Taylor v. Lanier,* 7 N. C., 98."

In *McNeely v. McNeely,* 82 N. C., 183, there was a devise to a son "by him seeing to her," his mother, and it was contended that these words fettered and controlled the estate devised. The court says: "In the will now under consideration the words which give rise to the controversy, 'by him seeing to her,' are in themselves vague and indeterminate, and if an essential and defeating condition of the gift, would be very difficult of application. What is meant by seeing to the widow, and what neglect falls short of that duty? How much of personal care and attention in the son to the mother is requisite, and how is the dividing line to be run between such omissions as are and such as are not ·fatal to the devise?"

In the case at bar, the above reasoning applies with greater force. Here the widow, Mary E. King, takes a life right or es-

tate in the land in controversy "for her support and the support of said minor heirs," presumably referring to the devisees, Effie A. King and Katie E. King, both of whom attained their majority years ago. The widow took a life estate, and during the minority of the minor heirs there was "at most a personal obligation" on the devisee, Mary E. King, "present wife," referred to in the will under consideration. The words "for her support and the support of the minor heirs" do not constitute a condition precedent to the vesting of the life right or estate in Mary E. King, or a condition subsequent by which the estate could be defeated, but were intended by the testator as his reason for the devise, and, as said before, could at the most impose a personal obligation upon the devisee Mary E. King to support the devisees Effie A. King and Katie E. King during their minority. The devisees Effie A. King and Katie E. King have the remainder of the estate after the determination of the life estate.

The life right is synonymous with life estate. Dower of use, benefit and profits passes a life estate. *Perry v. Hackney,* 142 N. C., 368. The devise to the widow was in lieu of dower, and might be styled "testamentary dower." Her interest in the land is an estate for life. This case is clearly distinguishable from *Whitaker v. Jenkins,* 138 N. C., 480, where *Walker, J.,* says: "The provision is that the lands shall belong to her during her life, or until the sons shall be of full age, at which time it shall belong to them, his wife to have her maintenance out of the land if she survived that event. The intention of the devisor is most clearly expressed. We cannot infer that he intended his wife to have an estate, or even an interest in the land, when he had expressly said that it should belong to his sons and that she should only have a maintenance."

The widow, a life tenant, had no power to cut the timber for sale or to sell any right to do so, but neither could the tenants in reversion or remainder do so. As, however, they wish to receive the value of their interest in the timber at this time, in anticipation, this could only be done by the concurrence of the life tenant. It is set out in the case agreed that the value of the life estate, if the widow is entitled to anything, is $1,361.40.

The judgment of the court below is in accordance with these views and is                                    Affirmed.