ELLEN E. PINNELL v. COOK DOWTIN and ELIZABETH DOWTIN.

(Filed 11 October, 1944.)

**1. Estates § 9a—**

　　An estate in remainder is an estate limited to take effect in possession immediately after the expiration of the prior estate created at the same time and by the same instrument. The present capacity of taking effect in possession, if the possession were to become vacant, and not the certainty that the possession will become vacant before the estate limited in remainder determinates, universally distinguishes a vested remainder from one that is contingent.

**2. Same—**

　　Vested remainders are those by which the present interest passes, though to be enjoyed in the future, and by which the estate is invariably fixed to remain to a determinate person, after the particular estate is spent. The person entitled has an immediate fixed right of future enjoyment, which may be transferred, aliened, and charged, much in the same manner as an estate in possession.

**3. Same—**

　　A devise to testator's wife, during her lifetime and widowhood, and at her death or remarriage, the lands to become at once the property of testator's children, creates a vested remainder in the children.

APPEAL by defendants from *Bone, J.,* at May Term, 1944, of WARREN.

This was a suit in ejectment instituted by the plaintiff against the defendants to recover the possession of and to have the plaintiff declared the owner of a certain parcel of land in Shocco Township, Warren County, North Carolina, described as follows: "Beginning at an iron in

D. P. Limer's line on the North side of Highway No. 59, and running thence S. 27 E. 3116 feet along the line of E. H. Pinnell to a stake, corner with J. R. Jones estate; thence S. 83-15′ W. 423 feet with J. R. Jones Estate to Richneck Branch; thence continuing with J. R. Jones estate, S. 66-45 E. 393 feet, S. 57-45 W. 67 feet to a sycamore, corner with Lot No. 2 (Helen Dowtin); thence with Lot No. 2 (Helen Dowtin) N. 17 W. 3125 feet to the center of Highway No. 59, a new corner in D. P. Limer's line; thence with D. P. Limer, crossing the Highway N. 84-45 E. 350 feet to the place of beginning, containing 41 acres, as per survey of E. P. Fitts, Surveyor, June 21, 1943, and being Lot No. 1 in the division of the lands of Cook Dowtin, deceased, as will appear from Report of Commissioners in that special proceeding in Superior Court of Warren County entitled 'Ellen E. Pinnell, et al. v. Helen Dowtin' and Plat of said surveyor recorded in office of Register of Deeds of Warren County, North Carolina, in Plat Book 3, page 67," wherein the plaintiff alleges and contends that the defendants are in the wrongful and unlawful possession of said land and wrongfully and unlawfully refuse to surrender the same, and the defendants, in answer, allege and contend that they are in the rightful possession of said land by reason of the fact that the defendant Cook Dowtin (the younger) is a tenant in common of said land with his brothers and sisters, by inheritance from his late father, George W. Dowtin, and by virtue of the will of the late Cook Dowtin (the elder).

The case came on for trial and the parties, plaintiff and defendants, waived trial by jury and agreed that the court might find the facts and enter judgment thereon.

The court found, *inter alia,* that Cook Dowtin (the elder) died in Warren County prior to 25 January, 1922, seized and possessed of a certain tract of land in Shocco Township, Warren County, containing 65 acres, which was conveyed to him by deed of Walter B. Boyd and wife, dated 1 November, 1900, recorded 27 December, 1900, in Book 65, page 5, office of Register of Deeds of Warren County, that the said Cook Dowtin (the elder) left a last will and testament which was duly admitted to probate in the office of the clerk of the Superior Court of Warren County in Book of Wills 53, at pages 289 *et seq.,* which said will contained, among others, the following item, to wit: "First: I give and devise to my wife Emily Dowtin for her ease and benefit during her lifetime and widowhood all my real estate, consisting of Sixty-five (65) acres of land, more or less, situate in the aforesaid County of Warren (Shocco Township), but she will not have any power or authority to sell it or mortgage it in any way, at her death or remarriage the aforesaid land which is situate on the public road leading from the Turnpike

to Warrenton by Bridle Creek Fort, and bounded by the adjoining land of Crute, Pinnell, and Jones, and land formerly owned by Watkins, but now owned or occupied by E. Hunter Pinnell, shall become at once the property of my two children, George W. Dowtin and Helen Dowtin, as follows. My son George W. Dowtin shall have forty (40) acres of the land aforesaid, he and his heirs forever, his portion to be on the Easterly side with frontage on the public road aforesaid, and to include the dwelling house in which I now reside, with its appurtenances, and my daughter Helen Dowtin shall have twenty-five acres on the Westerly side of it, with a frontage on the aforesaid public road, her and her heirs forever.;" that Emily Dowtin, widow of Cook Dowtin (the elder) survived George W. Dowtin, the son of her and of Cook Dowtin, the testator, and died in possession of the land mentioned in the will of her late husband, which was the same as the land described in said deed from Walter B. Boyd and wife to Cook Dowtin (the elder); that George W. Dowtin on 3 December, 1926, being at that time a widower, executed to C. A. Tucker, trustee, a deed of trust to secure $375.00 due C. E. Jackson, which deed of trust purported to convey "land . . . left me by my father, containing 40 acres undivided interest in the tract of 65 acres," and being the same land devised in remainder in the said first item of the will of Cook Dowtin to George W. Dowtin; that George W. Dowtin died intestate 3 September, 1933; that pursuant to the power of sale contained in the said deed of trust to him from George W. Dowtin, C. A. Tucker, Trustee, sold the land therein described and executed trustee's deed therefore to the plaintiff, Ellen E. Pinnell, on 10 April, 1935, which is duly recorded under date of 29 April, 1935, in Book 132, at page 336, Record of Deeds for Warren County; that Ellen E. Pinnell, after the death of Emily Dowtin, instituted in May, 1943, a partition proceeding to divide the lands involved between herself and Helen Dowtin, mentioned in the will of Cook Dowtin as his daughter, that neither of the defendants was a party to this proceeding; that the proceeding was regular in all respects, and the report of the commissioner duly confirmed by the clerk of the court of Warren County, and in said partition proceeding twenty-seven (27) acres were allotted to Helen Dowtin, and forty-one (41) acres were allotted to Ellen E. Pinnell; prior to and at the time of the death of Emily Dowtin the defendants in this action, Cook Dowtin (the younger) and Elizabeth Dowtin, child and widow of the late George W. Dowtin, respectively, and grandchild and widow of child of the late Cook Dowtin (the elder), respectively, were in possession with Emily Dowtin of the lands described in the complaint; upon the foregoing agreed facts the court adjudged that Ellen E. Pinnell was owner in fee and entitled to the immediate possession of the land

described in the complaint. To the judgment predicated upon the foregoing agreed facts the defendants objected, preserved exception and appealed to the Supreme Court.

*Julius Banzet for the plaintiff, appellee.*

*Gholson & Gholson for defendants, appellants.*

SCHENCK, J. The decision of this case turns upon the ruling upon appellants' first exceptive assignment of error which assails the following portion of his Honor's judgment: "Upon the foregoing agreed facts the Court doth adjudge that the plaintiff, Ellen E. Pinnell, be and she hereby is declared to be the owner in fee simple and entitled to the immediate possession of the land and premises described in the complaint . . ."

The defendants, appellants, contend that George W. Dowtin received no interest under the will of his father, Cook Dowtin (the elder) for the reason that George W. Dowtin predeceased Emily Dowtin, his mother and widow of Cook Dowtin, and that under the provisions of said will George W. Dowtin was to receive no interest in the land during the widowhood of Emily Dowtin, and such being the case the deed of trust executed by George W. Dowtin to C. A. Tucker, Trustee for C. E. Jackson, and the subsequent foreclosure thereof, and deed of the trustee to Ellen E. Pinnell conveyed no title.

On the contrary, the plaintiff, appellee, contends that the deed of trust executed by George W. Dowtin to C. A. Tucker, Trustee for C. E. Jackson, and the subsequent foreclosure deed from Tucker, Trustee, to Ellen E. Pinnell, conveyed a good indefeasible title to said Ellen E. Pinnell to the land therein described.

It is apparent that the question posed by this appeal is: Was George W. Dowtin authorized by the will of his father, Cook Dowtin (the elder), to encumber with the deed of trust the lands therein described, during the widowhood of his mother, Emily Dowtin? His Honor held that he was so authorized, by holding that Ellen E. Pinnell, who claimed through and under such deed of trust was the owner and entitled to the possession of the land conveyed thereby. The correctness of this holding depends upon whether under the will of Cook Dowtin (the elder) George W. Dowtin took a vested remainder, after the particular estate for her widowhood devised to Emily Dowtin. If he took such a vested remainder then George W. Dowtin was authorized to convey his title to the trustee in the deed of trust, and upon the foreclosure of such deed of trust the deed given by the trustee to the plaintiff Ellen E. Pinnell conveyed to her a valid title, and his Honor's judgment was

correct. If on the other hand George W. Dowtin took only a contingent remainder, contingent upon his surviving the widowhood of his mother, Emily Dowtin, then the deed of trust he executed conveyed no title, since George W. Dowtin predeceased Emily Dowtin, the holder of the particular estate, and his Honor's judgment was in error.

We are of the opinion, and so hold, that the will of Cook Dowtin (the elder) devised to George W. Dowtin a vested remainder, and, therefore, his Honor's judgment was correct.

"Vested remainders, or remainders executed, are those by which the present interest passes to the party, though to be enjoyed in the future, and by which the estate is invariably fixed to remain to a determinate person, after the particular estate is spent. The person entitled to a vested remainder has an immediate fixed right of future enjoyment, that is, an estate *in praesenti,* though it is only to take effect in possession and permanency of the profits at a future period, and such an estate may be transferred, aliened and charged, much in the same manner as an estate in possession, as distinguished from one which is vested in interest." *Richardson v. Richardson,* 152 N. C., 705, 68 S. E., 217.

"What, then, is a vested and what a contingent remainder? An estate in remainder is an estate limited to take effect in possession immediately after the expiration of a prior estate created at the same time and by the same instrument. 23 R. C. L., 483, sec. 5. . . . It is not the uncertainty of ever taking effect in possession that makes a remainder contingent, for to that, every remainder for life or in tail is and must be liable; as the remainderman, may die, or die without issue before the death of the tenant for life. The present capacity of taking effect in possession, if the possession were to become vacant, and not the certainty that the possession will become vacant before the estate limited in remainder determines, universally distinguishes a vested remainder from one that is contingent." Fearne on Remainders, Vol. 1, p. 216; *Power Co. v. Haywood,* 186 N. C., 313, 119 S. E., 500.

The portion of the will before us for interpretation reads: "I give and devise to my wife Emily Dowtin for her ease and benefit during her lifetime and widowhood all my real estate, . . . but she will not have any power or authority to sell it or mortgage it in any way, at her death or remarriage the aforesaid land . . . shall become at once the property of my two children, George W. Dowtin and Helen Dowtin . . ." These devises to the children of the devisor after the expiration of the particular estate devised to the wife of the devisor for her widowhood, would seem to meet the tests of a vested remainder in that the remaindermen created thereby had "the present capacity of taking effect in possession, if the possession were to become vacant," by the termination of the widowhood of the particular tenant.

Since George W. Dowtin took a vested remainder by the will of Cook Dowtin (the elder), and since George W. Dowtin executed the deed of trust by, through and under which the plaintiff claims title, his Honor was correct in holding that the plaintiff was the owner and entitled to the possession of the land involved.

The judgment of the Superior Court is
Affirmed.