HANNAH VESTER STRICKLAND AND HUSBAND, BOBBY STRICKLAND, JOHN MILTON VESTER AND WIFE, MADELINE VESTER, AND FRANK LANE VESTER v. H. P. JACKSON AND WIFE, ANNIE S. JACKSON.

(Filed 26 February 1964.)

Estates § 5—

    The sale of timber under agreement between the life tenants and the then surviving contingent remaindermen and the distribution of the proceeds of sale pursuant to the agreement cannot constitute waste and therefore cannot terminate the life tenancies or work a forfeiture thereof.

APPEAL by plaintiffs from *Bundy, J.,* November Mixed Session 1963 of PITT.

This case was argued before this Court at the Spring Term 1963, and our opinion disposing of the appeal appears in 259 N.C. 81, 130 S.E. 2d 22; substantially all the pertinent facts are stated therein and need not be repeated here.

In the present action the plaintiffs allege that M. H. Jackson and wife, Maggie L. Jackson, the life tenants, in 1955, after negotiating with their five children living at the time, whose remainder interest in the lands involved was contingent upon their surviving their parents, the life tenants, sold a large quantity of timber on the lands in which they held the life interest, and divided the proceeds with their five children in accord with the negotiated agreement. Thelma Jackson Vester, one of the five children of the life tenants and mother of the plaintiffs Hannah Vester Strickland, John Milton Vester and Frank Lane Vester, died before the death of her parents, the life tenants, but after she had received her share of the proceeds from the sale of the timber.

The plaintiffs allege that the sale of the timber on the lands involved terminated the life estates and thus accelerated the vesting of the remainder in said lands, which the defendants are estopped to deny.

The defendants demurred to the complaint for that (1) this action has been determined in the Superior Court of Pitt County and affirmed by the Supreme Court and is *res judicata,* (2) misjoinder of causes of action, (3) failure to state a cause of action, and (4) want of jurisdiction of the Superior Court of Pitt County to determine and try out questions relating to matters in dispute in an original proceeding in Washington County and probate matters before the probate authorities in Nash County. The demurrer was sustained and the action dismissed.

The plaintiffs appeal, assigning error.

*Sam B. Underwood, Jr., for plaintiff appellants.*
*James & Hite for defendant appellees.*

PER CURIAM. In 56 Am. Jur., Waste, section 13, page 459, it is said: "It is well settled that one entitled to a contingent remainder cannot maintain an action at law against the tenant in possession to recover damages for waste, for the reason that it cannot be known in advance of the happening of the contingency whether the contingent remainderman would suffer damage or loss by the waste; and if the estate never became vested in him, he would be paid for that which he had not lost."

Here, Thelma Jackson Vester was paid for that which she had not lost, since the contingent remainder never became vested in her. *Strickland v. Jackson, supra.*

This Court held in the case of *Lumber Co. v. Lumber Co.,* 153 N.C. 49, 68 S.E. 929, that the life tenant and the remaindermen could by agree-

ment sell the timber on the lands occupied by the life tenant; but it is clear from the opinion that neither the life tenant nor the remaindermen could sell without the concurrence of the other.

In the instant case, the timber was sold pursuant to an agreement entered into between the life tenants and all the then surviving contingent remaindermen. Furthermore, there is no contention that the proceeds from the sale were not distributed pursuant to the terms of the agreement entered into by the interested parties. Such a sale would not constitute waste nor an irreparable injury to the inheritance within the accepted meaning of that term. Therefore, we hold that such a sale would not terminate the life tenancies or work a forfeiture thereof.

The order sustaining the demurrer is

Affirmed.