STENA LOUISE DUGGINS EDENS v. FRANK FOULKS, ROUTE 2, MADISON, N. C.

No. 68SC165

(Filed 18 September 1968)

1. Estates § 5— action for waste and forfeiture of life estate — contingent remainderman

   A contingent remainderman has no standing to maintain an action for waste and forfeiture against the life tenant in possession.

2. Wills §§ 44, 46— devise to "nearest of kin" — representation precluded

   The use of the term "nearest of kin" or "nearest blood relation" in a

deed or will, without more, does not permit the application of the principle of representation.

**3. Wills § 35— devise to heirs or next of kin — when members of class are ascertained**

As a general rule, where there is a devise to testator's heirs, next of kin, or other relatives, members of the class are ascertained at the time of testator's death unless the terms of the will manifest a different intent; where the gift is to the heirs or next of kin of another than the testator, members of the class are ordinarily ascertained at the death of such other person.

**4. Wills § 35; Estates § 3— contingent remainder — person not ascertained**

Where a remainder is limited to a person not *in esse* or not ascertained, it is contingent.

**5. Estates § 3; Wills § 35— vested remainder — present capacity of taking possession**

For a remainder to be vested, the remainderman must have the present capacity of taking possession if the possession were to become vacant.

**6. Estates § 3; Wills § 35— definition of present capacity of taking possession**

Present capacity to take in possession means the right to take in possession from the time of effectiveness of the instrument creating the estate should the preceding estate determine by any means.

**7. Wills § 35; Estates § 5— remainder to life tenant's nearest kin — contingent remainderman — action for waste**

Where property is devised to testator's grandson for life "and then to go to his nearest kin," a child of the grandson is merely a contingent remainderman during the life of the grandson since the grandson's nearest kin will not be ascertained until his death; therefore, the grandson's child may not maintain an action for waste and forfeiture of the estate against the grantee of the life tenant.

**8. Estates § 5— injunction to prevent waste — contingent remainderman**

A contingent remainderman is entitled to an injunction to prevent a person in possession from committing future waste, the action being maintainable for the protection of the inheritance, which is certain, although the persons on whom it may fall are uncertain.

APPEAL by plaintiff from *Copeland, S.J.,* 12 February 1968 Term, ROCKINGHAM Superior Court.

Plaintiff's complaint alleges that defendant is the owner of a life estate in the lands described in the complaint, having acquired his estate by deed of Albert L. Duggins in 1942; that by committing waste and cutting timber on said land on two different occasions he

has forfeited his life estate as provided by G.S. 1-533; "That, as the only child and sole nearest kin of Albert L. Duggins, the plaintiff Stena Louise Duggins Edens is the owner in fee of said lands under the provisions of the Will of A. M. Simpson, great-grandfather of the plaintiff, recorded in the Office of the Clerk of the Superior Court in Book of Wills 'F', page 496, which provides as follows: 'Third: I give and devise to my grandson, Albert L. Duggins, the south side of my home place as follows: (describing the land devised) to have the use of above described land during his life and then to go to his nearest kin.' "; that in 1951 defendant had caused some $750.00 worth of merchantable timber to be cut from the lands before plaintiff's grandmother applied for a restraining order; that in 1956, 1957, or 1958 defendant again wrongfully cut and sold some $750.00 worth of merchantable timber without the knowledge and consent of plaintiff. Plaintiff seeks judgment against defendant in the amount of $4500.00 and also asks for judgment declaring defendant has forfeited his life estate and evicting him from the lands.

Defendant demurred to the complaint for that from the face thereof it appears that plaintiff is a contingent remainderman and cannot sue for waste. Upon hearing, Judge Copeland sustained the demurrer and allowed plaintiff 30 days within which to amend. From the judgment sustaining the demurrer, plaintiff appealed.

*McMichael & Griffin by Jule McMichael for plaintiff appellant.*
*W. F. McLeod for defendant appellee.*

MORRIS, J.

The only question presented by plaintiff's appeal is whether her interest in the land is a contingent remainder or a vested remainder.

The record is completely devoid of any information as to whether Albert L. Duggins is living. Since the complaint is silent as to this, and the question here presented would be moot if he were deceased, we assume that he is living.

[1]    If plaintiff's interest is a contingent remainder, she has no standing to maintain an action for waste and forfeiture under G.S. 1-533. The rule was clearly enunciated by Taylor, C.J., speaking for the Court in *Browne v. Blick*, 7 N.C. 511, 519: "No one shall have an action of waste unless he hath the immediate estate of inheritance." See *Latham v. Lumber Co.*, 139 N.C. 9, 51 S.E. 780. The sound reason for the rule was discussed in *Richardson v. Richardson*, 152 N.C. 705, 68 S.E. 217, where the action was for waste and forfeiture. The Court held that the action could not be maintained by

plaintiff a contingent remainderman because if allowed, "The life estate is destroyed by the forfeiture resulting from the waste under the statute, and yet the event upon which the plaintiff is to take his estate in remainder has not happened."

The general rule set out in 56 Am. Jur., Waste § 13, p. 459, was quoted with approval in *Strickland v. Jackson,* 261 N.C. 360, 361, 134 S.E. 2d 661:

"It is well settled that one entitled to a contingent remainder cannot maintain an action at law against the tenant in possession to recover damages for waste, for the reason that it cannot be known in advance of the happening of the contingency whether the contingent remainderman would suffer damage or loss by the waste; and if the estate never became vested in him, he would be paid for that which he had not lost."

Plaintiff contends that she has a vested remainder in the lands described in the complaint and, therefore, the complaint is sufficient to withstand demurrer. We do not agree.

Plaintiff cites and relies on *Pinnell v. Dowtin,* 224 N.C. 493, 31 S.E. 2d 467, which is factually distinguishable from the case before us and is not applicable. Plaintiff quotes therefrom a discussion of the distinctions between vested and contingent remainders wherein the Court quotes Fearne on Remainders, Vol. 1, p. 216, as follows:

". . . The present capacity of taking effect in possession, if the possession were to become vacant, and not the certainty that the possession will become vacant before the estate limited in remainder determines, universally distinguishes a vested remainder from one that is contingent."

This passage, as was noted by Shepherd, C.J., speaking for the Court in *Starnes v. Hill,* 112 N.C. 1, 7, 16 S.E. 1011, and Walker, J., speaking for the Court in *Richardson v. Richardson, supra,* has often been quoted but seldom accompanied with the explanation of the learned author in its immediate connection.

Fearne (*supra,* 217) after giving examples says:

"In short, upon a careful attention to this subject, we shall find, that wherever the preceding estate is limited, so as to determine on an event which certainly must happen; and the remainder is so limited to a person *in esse,* and ascertained, that the preceding estate may, *by any means,* determine before the expiration of the estate limited in remainder; such remainder is vested. On the contrary, wherever the preceding estate (except in the instances before noticed, as exceptions to the descriptions of a

contingent remainder) is limited, so as to determine only on an event which is uncertain, and may never happen; *or wherever the remainder is limited to a person not in esse or not ascertained;* or wherever it is limited so as to require the concurrence of some dubious uncertain event, independent of the determination of the preceding estate and duration of the estate limited in remainder, to give it a capacity of taking effect; then the remainder is contingent." (Emphasis supplied.)

In *Starnes v. Hill, supra,* the Court quoted Gray on Perpetuities as follows:

"A remainder is vested in A when *throughout its continuance* A, or A and his heirs, have the right to the immediate possession *whenever and however* the preceding estates determine; . . ." (Emphasis supplied.)

Tested by these rules, it is immediately obvious that plaintiff does not have a vested remainder. The devise is to Albert L. Duggins, "to have the use of the above lands during his life and then to go to his nearest of kin."

**[2]** The term "nearest of kin" or "nearest blood relation", nothing else appearing, restricts its meaning to a limited class of nearest blood relations and in the construction of wills and deeds, the use of these words, without more, does not permit the principle of representation. *Williams v. Johnson,* 228 N.C. 732, 47 S.E. 2d 24; *Trust Co. v. Bass,* 265 N.C. 218, 143 S.E. 2d 689.

**[3]** In the last cited case, Sharp, J., speaking for the Court, quoted with approval the following from *Witty v. Witty,* 184 N.C. 375, 379, 114 S.E. 482 (opinion by Stacy, J. later C.J.):

"As a general rule, the death of the testator is the time at which the members of a class are to be ascertained in case of a gift to the testator's heirs, next of kin, or other relatives, unless the context of the will indicates a clear intention that the property shall go to the heirs, next of kin, or other relatives at a different time, such as at the time of distribution, or at the death of the first taker, or at the date of the execution of the will . . . where the gift is to the heirs or next of kin of another than the testator, it ordinarily refers to the death of such other, unless the context of the will manifests that the class shall be determined at a different time, such as the time of distribution."

Here, we find no manifestation of intent that the roll is to be called at any time other than the death of the life tenant.

**[4-7]**    We return to the rule as laid down by Fearne. Wherever the remainder is  limited to a person not *in esse* or not ascertained, it is contingent. *Scales v. Barringer,* 192 N.C. 94, 133 S.E. 410; *Trust Co. v. Schneider,* 235 N.C. 446, 70 S.E. 2d 578. Here, the nearest kin of Albert L. Duggins, ascertained at his death, may or may not include the plaintiff. If she survives him, she may be his nearest kin. But since the remainder is limited to a person or persons not ascertained, there is no one with the present capacity of taking in possession, if the possession were to become vacant. By *present* capacity to take in possession is meant the right to take in possession from the time of effectiveness of the instrument creating the estate should the preceding estate determine by any means. The rationale of the rule is pointed out in *Starnes v. Hill, supra,* where the Court said: ". . . at common law the particular estate may be determined during the lifetime of its tenant (as by forfeiture or surrender, Fearne, *supra,* 217; Tiedeman Real Prop., 401; 4 Kent Com., 254), . . ." in which case plaintiff could not take because the nearest of kin of Albert L. Duggins are not to be ascertained until his death, and if the remainder is vested the remainderman must be able to take in possession during the continuance of the particular estate or *eo instanti* it determines. This is succinctly stated in *Richardson v. Richardson, supra,* at 709:

> "Where an estate is limited to A for life, with remainder to B for life, and there is a forfeiture or surrender of the first life estate, it determines and the estate in remainder becomes immediately vested, as there is nothing in the limitation to prevent its vesting at once. But in our case, if the first life estate is determined by forfeiture, surrender, or otherwise, and the life tenant survives its determination, the remainder cannot take effect, by the express words of the will, until the death of the widow, whereas the imperative rule of the law requires that the remainder must vest, that is, the contingency must happen, during the continuance of the particular estate or *eo instanti* it determines. The life estate is destroyed by the forfeiture resulting from the waste under the statute, and yet the event upon which the plaintiff is to take his estate in remainder has not happened."

This case is quite similar factually to *McCain v. Womble,* 265 N.C. 640, 144 S.E. 2d 857. There, testator devised property to his daughter for life, and at her death to be given to her next of kin. The daughter died in 1962. She was survived by two of her daughters and the children of a deceased son. The Court held that the children of the life tenant surviving at her death took to the ex-

clusion of the children of the son who had predeceased her. The Court again recognized the principle that without the expression of a contrary intent in the will, the words "next of kin", without more, do not recognize or permit the principle of representation.

[8]    Application of rules of law in property sometimes, as here, culminate in seemingly harsh results. It is well settled in this State, as in other states, that a contingent remainderman is entitled to an injunction to prevent a person in possession from committing future waste, Am. Jur., Waste, § 13, p. 459; *Gordon v. Lowther*, 75 N.C. 193; *Latham v. Lumber Co., supra; Richardson v. Richardson, supra;* the action being maintainable for the protection of the inheritance, which is certain, although the persons on whom it may fall are uncertain.

Judge Copeland ruled in accordance with the views expressed herein. We find no error in the judgment, and, therefore, we must affirm it.

Affirmed.

MALLARD, C.J., and CAMPBELL, J., concur.