GIDEON TILLITT GODFREY v. JAMES H. PATRICK

No. 701SC46

(Filed 24 June 1970)

**1. Estates § 3— accounting by life tenant**

There is no requirement that a life tenant account annually to the court or to a remainderman.

**2. Fiduciaries— annual accounts — discretion of court**

While the court has the inherent power to require any appointed fiduciary to file periodic accounts, the court is not compelled as a matter of law to do so.

**3. Estates § 5— action for waste — contingent remainderman**

A contingent remainderman cannot maintain an action at law against the tenant in possession to recover damages for waste because it cannot be known in advance of the happening of the contingency whether the contingent remainderman will in fact suffer damage, the sole remedy of the remainderman being to seek an injunction to prevent the person in possession from committing future waste.

**4. Estates § 3; Fiduciaries— timber proceeds — failure to require annual accounting by life tenant — discretion of court**

The trial court did not abuse its discretion in failing to require a life tenant to account to the court annually for portion of timber proceeds to be administered by the life tenant in the nature of a trustee.

APPEAL by defendant from *Cohoon, J.,* 9 August 1969 Session of CAMDEN County Superior Court.

Plaintiff is the sole remaining child of Betty F. Tillitt, deceased, and is the owner of a life estate in a one-half undivided interest in certain lands devised by Betty F. Tillitt under her Last Will and Testament. Item 5 of the will provides as follows:

"And it is my further will, and the foregoing is made subject to this, that during the life estate of my said children or any of them, if a majority of those living should decide that it was necessary for the good of all or any of my children that the timber should be sold from the lands above referred to, or any of them, I hereby give them full power and authority to sell same, or whatever portion thereof, that a majority of them living may think necessary, and I hereby vest them with full power and authority to make and execute all necessary deeds of conveyance to pass title to same, and the money arising from such sale or sales, I direct to be divided, as above provided for the division of land, each child having his or her equal share, and the descendants of any dead child to have the portion going to

him or her, if living, and it is my will that said money shall descend as land, or as it would had the timber not been severed from the land. And should any of my children die, leaving no child or children, before he or she may have spent the money arising from the sale of said timber, such residue shall descend to his living brother and sisters, just as hereinbefore provided for the land. But if any of my children shall need money, or shall require the expenditure of the same, during his or her life, this will place no bar on such expenditure, but should said money be invested in land, or other property, then such land or property shall go and descend, as hereinbefore mentioned, in case of the death of any of my said children, leaving no child or children, but in case any of my children die leaving child or children, then in that event, the remainder in all property herein devised to any child shall descend to his or her child or children in fee."

Defendant, as successor in interest of two lineal descendants of Betty F. Tillitt, has a contingent remainder interest in the one-half undivided interest in which plaintiff owns the life estate. He is the fee simple owner of the other one-half undivided interest.

Plaintiff instituted this action under the Uniform Declaratory Judgment Act (G.S. 1-253, *et seq.*) seeking an adjudication that she has the power and authority under Item 5 of the will to sell and convey timber on the lands and to divide the proceeds equally between plaintiff and defendant.

By judgment entered 9 August 1969, Judge Walter W. Cohoon made findings, concluded that plaintiff has the right to sell timber on the devised lands and to pass title thereto, and ordered as follows:

"IT IS, THEREFORE, ORDERED AND ADJUDGED that the Court has jurisdiction of this proceeding under the Declaratory Judgment Act.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that plaintiff, Gideon Tillitt Godfrey, as the sole surviving child of the testatrix, under Item 5 of Testatrix's will has the right to sell the timber on the lands devised and to pass title thereto; that if the plaintiff sells said timber, the proceeds from such sale, less the court cost in this action and expenses of said sale, if any, shall be disbursed as follows:

(a)   One-half to the defendant, James H. Patrick, in fee;

(b)   One-half paid to plaintiff, Gideon Tillitt Godfrey to

be administered by her in the nature of a trustee, with the right to expend such amounts as she may require for her needs during her lifetime, subject to be restrained by the contingent remaindermen in the event she attempts to dissipate said funds for purposes other than for her needs.

(c) That any residue of said fund remaining at the expiration of the life estate of the plaintiff will be disbursed as directed in the decision of the Supreme Court of North Carolina in the case of *P. P. Gregory v. Gideon Tillitt Godfrey, et als,* reported in 254 N.C. at page 217."

Defendant excepted to the judgment and appealed.

*E. Ray Etheridge and John R. Jenkins, Jr., for plaintiff appellee.*

*Leroy, Wells, Shaw, Hornthal & Riley by J. Fred Riley for defendant appellant.*

GRAHAM, J.

No exception was taken to any of the court's findings or conclusions and defendant states in his brief that he agrees as to the division of the proceeds. His sole contention is that the court erred in refusing to order plaintiff to account to the court at least annually for that portion of the timber proceeds to be administered by her in the nature of a trustee.

**[1]** Executors, administrators and collectors must file annual accounts with the court. G.S. 28-117. Trustees under a will are likewise required to file annual accounts pursuant to G.S. 28-53. However, we know of no requirement that a life tenant must account to the court or to a remainderman.

**[2]** Defendant's position is that even though plaintiff had no obligation to account under the will, she now occupies the position of a court appointed fiduciary and must therefore be ordered to account to the court. Conceding that the court has the inherent power to require any appointed fiduciary to file periodic accounts, in our opinion it does not follow that the court is compelled as a matter of law to do so. "It lies within the *discretion* of the court, if there is no relevant statute, to order an account of the trustee or his successor in interest, at the suit of any interested party, . . ." (Emphasis added). Bogert, Trust and Trustees (2d Ed.), § 963. "It is generally recognized that in a proper case an accounting by the life tenant *may* be required where it is necessary to protect the estate in remainder." (Emphasis added). 31 C.J.S., Estates, § 62, p. 124. "All

fiduciaries *may be* compelled by appropriate proceedings to account for their handling of properties committed to their care." (Emphasis added). *Lichtenfels v. Bank,* 260 N.C. 146, 148, 132 S.E. 2d 360.

[3, 4]   Defendant argues strenuously that unless plaintiff is required to account, he will have no way of knowing whether the corpus is being dissipated. A contingent remainderman cannot maintain an action at law against the tenant in possession to recover damages for waste, because it cannot be known in advance of the happening of the contingency whether the contingent remainderman will in fact suffer damage or waste. *Strickland v. Jackson,* 261 N.C. 360, 134 S.E. 2d 661; *Edens v. Foulks,* 2 N.C. App. 325, 163 S.E. 2d 51. The sole remedy of a remainderman is to seek an injunction to prevent a person in possession from committing future waste. 56 Am. Jur., Waste, § 13, p. 459; *Richardson v. Richardson,* 152 N.C. 705, 68 S.E. 217; *Latham v. Lumber Co.,* 139 N.C. 9, 51 S.E. 780; *Gordon v. Lowther,* 75 N.C. 193, *Edens v. Foulks, supra.* This remedy, which is the only remedy defendant had in the first place, is expressly reserved in the court's order. In our opinion it has not been shown that the court abused its discretion in refusing to go further and require that plaintiff file annual accounts. It is true that since proceeds from the sale of the timber, rather than the standing timber, now constitutes the corpus, an unlawful disposition thereof will be more difficult to detect. This argument, however, is more properly directed to the discretion of the trial court.

Affirmed.

MALLARD, C.J., and MORRIS, J., concur.