WACHOVIA BANK & TRUST COMPANY, TRUSTEE UNDER THE WILL OF
GEORGE S. KERNODLE, v. SANTIE LAWS ET AL.

(Filed 28 February, 1940.)

**1. Trusts § 11: Executors and Administrators § 24—**

While a court of equity may have the power to terminate a trust and distribute the trust property prior to the happening of the contingency prescribed by testator for the termination of the trust, when such action is necessary or expedient, or when consented to by all the interested

parties, it is error for the court to do so upon consent of only a few of the beneficiaries and in the absence of any showing of necessity or expediency.

**2. Same—**

The failure of beneficiaries to file answer to a suit praying for a construction of the will creating the trust and for the advice and instructions of the court in administering same, cannot be construed as a consent to the modification or the termination of the trust.

**3. Same—**

In an action to modify or terminate a trust, unborn infants who might have some contingent interest in the assets of the trust should be represented by a guardian *ad litem.*

DEVIN, J., took no part in the consideration or decision of this case.

APPEAL by plaintiff from *Nettles, J.,* at November Term, 1939, of ROCKINGHAM.

*Manly, Hendren & Womble and W. P. Sandridge for plaintiff, appellant.*

*W. M. Allen and Hoke F. Henderson for Sophia Kernodle Turner et al., defendants, appellees.*

SCHENCK, J. This was an action by the Wachovia Bank & Trust Company as substituted trustee under the will of the late George S. Kernodle for a construction of said will and for advice and instruction in administering the trust therein established.

There were fifty-three named defendants, fourteen of whom filed answers.

The will involved established a trust of the real estate of the testator and provided among other things that the trust should terminate and the funds thereof be distributed upon the death of five *cestuis que trustent,* naming them, and although it appears that two of these persons are still living in the court's judgment decreed the dissolution of the trust and the distribution of the assets at this time. This distribution of the assets necessitated the ascertainment of the heirs of the said five *cestuis que trustent,* including the two living ones, and notwithstanding *nemo est haeres viventis,* the court's judgment designates who these heirs are.

While it may be conceded that a court of equity has the power by consent of the interested parties, or when necessity, or even expediency, impels, to close a trust and distribute the assets thereof sooner than was contemplated by the trustor; or otherwise modify the trust when such modification is so consented to or rendered necessary or expedient, *Reynolds v. Reynolds,* 208 N. C., 578, and cases there cited, still in the case at bar the consent of all the parties interested does not appear in the record, nor does the necessity nor expediency for the closing of the

trust so appear; nor is such closing of the trust prayed for in the complaint. The only consent appearing of record was that of the fourteen answering defendants and of nineteen other defendants whom the court finds were represented by counsel and agreed to and prayed the court for a termination of the trust.

The consent of those defendants not answering and not represented cannot be implied by their failure to answer or appear for the reason that the complaint does not ask for a change or modification of the trust established by the will, but only asks for a construction of the will and advice and instructions in the administering of the trust therein established. It is logical to assume that the unanswering and unrepresented defendants may have been willing to have the will construed and the trustee advised and instructed by the court as prayed for in the complaint, and still have been unwilling to have the trust established by the will prematurely closed, or otherwise modified and changed as was done by the judgment of the court.

The consent or necessity or expediency essential to enable the court of equity to enter the judgment appearing in the record is lacking.

Since the case must be remanded for judgment in accord with the complaint, it might be well to call attention to the fact that while the only infant defendant named seems to have been properly represented by a guardian *ad litem,* no such guardian has been appointed for the unborn infants who might have some contingent interest in the assets of the trust involved and that the appointment of such guardian *ad litem* might be rendered expedient in the event the plaintiff should desire to amend the complaint so as to seek a closing or modification or change in the trust.

Error and remanded.

DEVIN, J., took no part in the consideration or decision of this case.