S. Samuel Di Falco, S.
The executors request the court to direct that the trust created in article 2 of decedent’s will be administered in such manner as to comply with the regulations of the Secretary of the Treasury, and that the decedent’s will be deemed to contain the provisions therein required to be contained in the governing instrument and to construe the will as containing no mandatory direction which conflicts with EPTL 8-1.8.
Testatrix’ will dated March 10, 1970 was admitted to probate June 21,1971. A split interest trust created out of the residuary estate specifies that her children, Betty, Harold and Frederic (income beneficiaries) are to receive annual payments based upon a fixed percentage of the net fair market value of the trust assets as determined each year. Article 2 reads as follows:
“ (2) The residue of my entire estate I give to my Trustees to hold in trust, and, until the trust shall terminate, to pay annually, in at least quarterly installments, six percent (6%) of the net fair market value of the assets of the trust to the following beneficiaries in the proportions indicated:
*1016 “ (a) One-half (%) thereof shall be paid to or applied for the benefit of my daughter, betty bbockembbough bibd, for her life, and upon my daughter’s death (or upon my death if my daughter shall not survive me), the same shall be paid, in equal shares, to my sons, feedBbic vincent godebey bibd and habold godebey bibd, also known as habold godebey bybd, for their lives. Upon the death of either of my sons, or if only one of them shall survive betty and me, the entire one-half (%) of such six percent (6%) annual payment shall be paid to the survivor, for his life.
“ (b) One-quarter (%) thereof shall be paid to my son, ebedeeic, for his life, and upon ebedeeic’s death (or upon my death, if ebedeeic shall not survive me), the same shall be paid two-thirds {%) to my daughter, betty, and one-third (%) to my son, habold, for their lives. Upon the death of either betty or habold, or if only one of them shall survive ebedeeic and me, the entire one-quarter (14) of such six percent (6%) annual payment shall be paid to the survivor, for her or his life.
“ (c) One-quarter (%) thereof shall be paid to my son, habold, for his life, and upon habold’s death (or upon my death, if habold shall not survive me), the same shall be paid two-thirds (%) to my daughter, betty, and one-third (%) to my son, ebedeeic, for their lives. Upon the death of either betty or ebedeeic, or if only one of them shall survive habold and me, the entire one-quarter (14) of such six percent (6%) annual payment shall be paid to the survivor, for her or his life.
‘ ‘ Upon the death of the last to die of my three children, betty, ebedeeic and habold, the trust shall terminate, and the remainder interest therein shall be paid over to the ebanciscan missiohabies of maby, whose present address is Reverend Mother Provincial, Franciscan Missionaries of Mary, Divine Providence Foundation, 225 East 45th Street, New York, New York 10017.
“ The net fair market value of the assets of the trust shall be valued annually as of the first day of each fiscal year of the trust.”
Petitioners point out that although decedent’s will contains language creating a charitable remainder unitrust, it does not contain any of the provisions required by the proposed regulations of the Secretary of the Treasury in order to qualify as such trust.
The decedent made her will on March 10, 1970, a few months after the Tax Reform Act of 1969 became effective. Her will patently was drafted in accordance with the requirements of that statute and creates a unitrust- as-therein prescribed. The regulations did not become effective until later and were sub *1017 sequently revised. The executors request the court to construe the will and to determine whether it is in accord with section 1.664-1 of the proposed regulations.
There is nothing in the terms of the will which in any way conflicts with the regulation. Moreover, the laws of this State require action similar to that prescribed by the regulation. The income of the trust is payable to the income beneficiaries from the date of death. (EPTL 11-2.1, subd. [c], par. [1].) EPTL 8-1.8 expresses the public policy of this State as consistent with that of the Federal Government relative to charitable foundations and private trusts, and as endeavoring to bring the administration of charitable trusts within the Federal guidelines in order to avoid the penalty taxes prescribed by Federal law. There is nothing in the terms of this will which in any way directs or even implies a course of conduct different from that set forth in the regulations. The fiduciaries must administer the trust in such a way as to avoid the assessment of punitive taxes. The court therefore directs the fiduciaries as follows:
The trustees shall make annual unitrust payments during every taxable year of the trust prior to its termination and the obligation to pay such amounts shall begin as of the decedent’s death.
Although the obligation commences at death, the annual uni-trust payments may be deferred until the estate has been settled or the trust completely funded and, in the meantime, the trustees or executors may make estimated partial unitrust payments.
The amount of the unitrust payments due for the period from the date of death till the estate has been settled or the trust completely funded shall be computed as provided in section 1.644-1 (a) (4) (ii).
The trustees shall comply with any other provisions of the Internal Revenue Code or the regulations promulgated thereunder necessary to qualify the trust as a charitable remainder trust and to secure the exemptions from the miscellaneous excise taxes imposed by subtitle D.
The decedent’s will is construed as containing no mandatory direction which conflicts with the provisions of EPTL 8-1.8.