MARGIE ECKLIN MOORE, SOLE BENEFICIARY OF THE "MARITAL TRUST," UNDER WILL OF K. E. MOORE, DECEASED v. WACHOVIA BANK AND TRUST COMPANY, TRUSTEE, UNDER WILL OF K. E. MOORE; AND OPAL MOORE RAKOWSKI, ET AL.

No. 742SC908

(Filed 19 February 1975)

Trusts § 10— termination of trust — conditions and emergencies not contemplated by testator

The condition or emergency asserted in an action to terminate a trust must be one not contemplated by the testator which, had it been anticipated, would undoubtedly have been provided for; plaintiff's dissatisfaction with the consideration, benefits, and administration of a marital trust were not conditions or emergencies which were not contemplated by the testator, and the trial court properly dismissed the action.

APPEAL by plaintiff from *James, Judge.* Judgment entered 13 August 1974 in the Superior Court, BEAUFORT County. Heard in the Court of Appeals 20 January 1975.

K. E. Moore died testate on 30 May 1969, leaving an estate valued at approximately $400,000.00. The will was probated on 6 June 1969, and Wachovia Bank and Trust Company, N.A., was appointed trustee pursuant to the terms of the will on 18 May 1971. Item III of the will created a marital trust of one-half the adjusted gross estate. The net income was to be paid over to the settlor's widow, the plaintiff in this action, together with as much of the principal as the trustee, in its discretion, deemed needful and desirable. The plaintiff was given the power to appoint the remaining principal and income of the trust by will. Failing the exercise of this power of appointment, the marital trust assets are to be combined with the residuary trust, which is also created by the will and whose beneficiaries include the settlor's daughter and grandchildren.

The plaintiff, being dissatisfied with the consideration and benefits of the trust, and with the administration of the trust, commenced this action to terminate the marital trust. After defendant-trustee answered, the trial judge ordered that all living and unborn heirs of the settlor be joined in the action. These new defendants answered, and the matter was heard without a jury. The trial judge allowed defendant's Rule 41 (b) motion, made pursuant to the North Carolina Rules of Civil Procedure, dismissing the action on the ground that upon the facts and the law plaintiff showed no right to relief.

*Frazier T. Woolard, for the plaintiff-appellant.*

*Mayo & Mayo, by William P. Mayo, and Gaylord and Singleton, by L. W. Gaylord, Jr., and Danny McNally, for defendant-appellee Wachovia Bank and Trust Company, N.A.*

*Fred Holscher, for the defendants-appellee, beneficiaries of the residuary estate.*

BROCK, Chief Judge.

Plaintiff's sole assignment of error challenges the entry of the judgment. Plaintiff contends that the trust was created for her benefit, that she possesses the only beneficial interest, and that the trust is therefore terminable at her will. We do not believe that the facts support this contention.

"A court of equity may have the power to terminate a trust and distribute the trust property prior to the happening of the contingency prescribed by the trustor, but only when such action is necessary or expedient." 7 Strong, N. C. Index 2d, Trusts, § 10 (1968) ; *Wachovia Bank & Trust Co. v. Laws,* 217 N.C. 171, 7 S.E. 2d 470; *Davison v. Duke University,* 282 N.C. 676, 194 S.E. 2d 761. "[T]he condition or emergency asserted must be one not contemplated by the testator and which, had it been anticipated, would undoubtedly have been provided for; . . . " *Carter v. Kempton,* 233 N.C. 1, 6, 62 S.E. 2d 713. Although plaintiff's challenge stems from her dissatisfaction with the consideration and benefits of the trust, and with the administration of the trust, we cannot say that these are conditions or emergencies which were not contemplated by the testator. Trusts will not be modified on technical objections merely because interested parties' welfare will be served thereby. *Carter v. Kempton, supra.* Furthermore, the grandchildren of the testor have, under the terms of the will, an expectancy in the marital trust. As interested parties, the trust cannot be terminated without their consent. *Solon Lodge v. Ionic Lodge,* 247 N.C. 310, 101 S.E. 2d 8. "It is not the province of the courts to substitute their judgment or the wishes of the beneficiaries for the judgment and wishes of the testator. The controlling objective is to preserve the trust and effectuate the primary purpose of the testator." *Carter v. Kempton, supra* at 6. The trial court's entry of judgment dismissing the action was correct.

Affirmed.

Judges BRITT and CLARK concur.