WACHOVIA BANK AND TRUST COMPANY, N.A., TRUSTEE v. SUSAN BAKER
    SEVIER, SUSAN SEVIER MACKIN; ROBERT BAKER SEVIER; JOHN
    SEVIER; RICHARD SLADE SEVIER; THOMAS KEARNEY SEVIER;
    WILLIAM RHEA SEVIER; JAMES GRISWOLD SEVIER; MARY ANN
    SEVIER; CHARLES HENRY SEVIER; SUSAN GRISWOLD MACKIN, A
    MINOR; MARY FRANCIS MACKIN, A MINOR; DENNIS STEVEN MACKIN,
    JR., A MINOR; WILLIAM ANTHONY MACKIN, A MINOR; CATHERINE SHER-
    RILL SEVIER, A MINOR; JANE RHEA SEVIER, A MINOR; ELLEN KEARNEY
    SEVIER, A MINOR; JOSEPHINE GLADIEUX SEVIER, A MINOR; CATHERINE
    SHERRILL SEVIER, A MINOR; CHRISTINA ANN SEVIER, A MINOR; SUSAN
    ELIZABETH SEVIER, A MINOR; SUZANNE ELIZABETH SEVIER, A MINOR;
    MARY SHERROD SEVIER, A MINOR; RICHARD SLADE SEVIER, JR., A
    MINOR; PENELOPE BAKER SEVIER, A MINOR; CLARE DROKE SEVIER, A
    MINOR; MALINDA SHAI SEVIER, A MINOR; WILLIAM KEARNEY SEVIER,
    A MINOR; THE UNBORN LINEAL DESCENDANTS OF SUSAN BAKER
    SEVIER AND OTHER UNKNOWN PERSONS

No. 7821SC859

(Filed 19 June 1979)

**Trusts § 9— income of trust to settlor—corpus to issue—settlor not sole benefi-
ciary—irrevocable trust**

> Where the terms of a trust provided that income should be paid to the
> settlor for life, that the trust corpus, upon the settlor's death, should be
> distributed to her issue *per stirpes*, that settlor retained a general power of
> appointment by will over the trust corpus, and that the trust was irrevocable,
> the trial court erred in determining that settlor was the sole beneficiary of the
> trust and that she could revoke the trust. G.S. 39-6.

APPEAL by guardian ad litem from *McConnell, Judge.* Judg-
ment entered 7 June 1978 in Superior Court, FORSYTH County.
Heard in the Court of Appeals 28 May 1979.

The plaintiff trust company instituted this declaratory judg-
ment action seeking an order of the court authorizing and approv-
ing the termination of a trust as requested by the settlor, Susan
Baker Sevier. Plaintiff trustee stated in its complaint that it had
no objection to the termination of the trust. The trust was
established on 30 September 1943 when defendant Susan Baker
Sevier assigned and conveyed to plaintiff as trustee certain funds
and properties in trust. Under the provisions of the trust agree-
ment, the settlor (designated in the trust instrument as the
"Grantor") retained the right to demand any part or all of the in-
come from the trust estate for her lifetime. The settlor retained
no right to withdraw principal from the trust estate and did not

grant to the trustee power to make distributions of principal. The settlor retained a general power of appointment by will over the trust corpus. In default of settlor's exercise of the general power of appointment, the trust instrument directed that the trust estate be distributed to the settlor's issue *per stirpes*, or, in the event settlor left no issue surviving her, then to the settlor's father's issue *per stirpes*.

Section 5 of the trust instrument provided:

Irrevocable.— The Grantor hereby declares that the Grantor has been advised by counsel as to the legal effect of the execution and acceptance of this agreement, that the Grantor is fully aware of the character and amount of the property hereby transferred and conveyed, and that the Grantor has given consideration to the question whether this agreement and the trust hereby created shall be revocable or irrevocable. The Grantor hereby declares that this agreement and the trust hereby created shall be irrevocable and that the Grantor shall hereafter stand without power at any time to revoke, change or annul any of the provisions herein contained, but that the Grantor or any other person desiring so to do may bring other properties within the operation of this agreement.

Susan Baker Sevier and her children, all of whom are of age, filed answers praying that the court authorize and approve termination of the trust. The guardian ad litem appointed for the minor grandchildren and any unborn lineal descendants of Susan Baker Sevier filed answer opposing revocation of the trust on the grounds that (1) the minor grandchildren and unborn lineal descendants of Susan Baker Sevier have a contingent future interest in the trust corpus and cannot give their consent to the revocation of the trust, and (2) G.S. 39-6 does not permit revocation of the trust because the trust instrument expressly makes it irrevocable.

The action came on for a hearing on 22 May 1978. Defendant settlor filed an affidavit stating:

2. The affiant has requested that the trust which is the subject matter of the above styled suit be terminated since it has come to her attention that the inflexibility of this trust

means that she will have to pay excessive state taxes at her death which the affiant currently estimates would result in needless taxes of over one million dollars being paid. If proper use were made of gift tax exclusion and gift-splitting with her husband in excess of one million additional dollars could be transmitted to her children and grandchildren instead of being paid as Federal Estate tax.

The trial court entered judgment making findings of fact and concluding that Susan Baker Sevier was the sole beneficiary of the trust and "[a]s sole beneficiary and Grantor, the provisions of G.S. 39-6 do not apply and she is entitled to revoke the trust." The court further concluded that because continuance of the trust would necessarily result in severe adverse tax consequences to Susan Baker Sevier and her estate, thereby significantly reducing the amount of her estate which would be transmitted to her children and grandchildren, it was in the best interest of all parties that the trust be terminated. The court ordered that the trust assets be distributed "as Mrs. Sevier shall direct" and that, upon the distribution of the trust assets, plaintiff be "released from any and all further obligations of the trust estate."

From this order, the guardian ad litem appeals.

*Womble, Carlyle, Sandridge & Rice by Charles F. Vance, Jr., and Elizabeth L. Quick for the plaintiff appellee.*

*C. Edwin Allman and Michael D. West for the defendant appellee Susan Baker Sevier.*

*Gordon W. Jenkins, guardian ad litem, appellant.*

PARKER, Judge.

The judgment in this case must be reversed. The trial court erred in concluding that Susan Baker Sevier is the sole beneficiary of the trust.

Where by the terms of the trust it is provided that the income shall be paid to the settlor for life and on his death the income or principal shall be paid to a designated third person, the settlor of course is not the sole beneficiary of the trust. So also where it is provided that on his death the principal shall be paid to his children or to his issue, he is not the

sole beneficiary of the trust. *This is true even though the settlor reserves a general power of appointment by deed or by will by the exercise of which he could exclude his children or issue.* (Emphasis added.)

II Scott on Trusts (3d ed.) § 127.1, p. 986-87.

The living issue of Susan Baker Sevier possess an interest in the trust principal which is made contingent rather than negated by settlor's retention of a general power of appointment by will over the trust property. *McRae v. Trust Co.*, 199 N.C. 714, 155 S.E. 614 (1930).

A trust may be terminated only upon the unanimous effective consent of all parties possessing an interest in it. *Trust Co. v. Laws*, 217 N.C. 171, 7 S.E. 2d 470 (1940). The unanimous effective consent required for termination of a trust cannot be obtained in this case.

Effective consent may be given by a beneficiary in being, competent, and possessing an indefeasibly vested interest in the trust estate. *Smyth v. McKissick*, 222 N.C. 644, 24 S.E. 2d 621 (1943); *Starling v. Taylor*, 1 N.C. App. 287, 161 S.E. 2d 204 (1968). In this case, effective consent to the termination of the trust may not be given at this time by the settlor's children and grandchildren because none possess an indefeasibly vested interest in the trust estate. In addition, the settlor's minor grandchildren are legally incapable of giving consent, and issue not yet in being may acquire a vested interest upon the settlor's death.

G.S. 39-6 is not applicable to this case. G.S. 39-6 provides

The grantor, maker, or trustor who has heretofore created or may hereafter create a voluntary trust estate in real or personal property for the use and benefit of himself . . . with a future contingent interest to some person or persons not in esse or not determined until the happening of a future event may at any time, prior to the happening of the contingency vesting the future estates, revoke the grant of the interest to such person or persons not in esse or not determined by a proper instrument to that effect . . . *provided, that this section shall not apply to any instrument hereafter executed creating such a future contingent interest*

*when said instrument shall expressly state in effect that the grantor, maker, or trustor may not revoke such interest.* (Emphasis added.)

The statute was amended by the addition of the *proviso* quoted above at 1943 Session Laws, ch. 437 effective 4 March 1943. The trust instrument in this case was executed 30 September 1943. Therefore, the statute's applicability to this trust is governed by the *proviso*.

It is difficult to imagine how the settlor could have stated more clearly that the trust was irrevocable than she did in Section 5 of the trust instrument. We hold that by Section 5 the settlor made the trust irrevocable and that the *proviso* of G.S. 39-6 quoted above makes G.S. 39-6 inapplicable to this case.

The judgment appealed from is

Reversed.

Judges VAUGHN and MARTIN (Harry C.), concur.