VIRGINIA C. FISHER, Successor Trustee Under the Will of OLIVER D. FISHER; ANNIE CLEE HIGH FISHER, Widow; ROBERT L. FISHER and wife, VIRGINIA H. FISHER; RANDOLPH D. FISHER and wife, VIRGINIA C. FISHER, individually; MARGARET F. JONES, Widow; HAZEL F. GRIFFIN and husband, GEORGE R. GRIFFIN; BUCK FISHER and wife, DORIS L. FISHER; CAROLYN F. JOYNER and husband, G. HERMAN JOYNER; PEGGY F. SNIPES and husband, SIDNEY B. SNIPES; BILLY THORPE FISHER and wife, EVELYN T. FISHER; KATHERINE T. FISHER, Widow; CHRISTOPHER B. FISHER, Unmarried; and KIMBERLY B. FISHER, an unmarried minor; LILLY ANN FISHER, an unmarried minor; AMY L. FISHER, an unmarried minor, and JENNY K. FISHER, an unmarried minor, all of said minors acting herein as plaintiffs through ROY A. COOPER, JR., their Guardian ad Litem, appointed pursuant to Court Order; and LOTTIE F. CURTIS, Widow; ROBERT E. CURTIS, Unmarried; JIMMY CURTIS, Unmarried; DAVID CURTIS, Unmarried; RUTH F. LADD and husband, ARTHUR N. LADD; DAVID L. LADD and wife; DIXIE F. LADD; TODD E. LADD, Unmarried; PAMELA SUE LADD, Unmarried; JOANNE F. YOUNG and husband, GARY ALLEN YOUNG, CHARLOTTE J. STRUM and husband, JACK H. STRUM; JACKIE GRAY STRUM, Unmarried; LOTTIE GENEVA STRUM, Unmarried; BOBBIE J. WOLLETT and husband, THEODORE R. WOLLETT, JR.; THEODORE R. WOLLETT, III, Unmarried; MARGARET J. HARRIS and husband, ROBERT LOWELL HARRIS; OLIVER DANIEL GRIFFIN and wife, VIRGINIA O. GRIFFIN; WAYNE GRIFFIN and wife, RITA M. GRIFFIN; WILLIAM CLIFTON GRIFFIN and wife, MARIE B. GRIFFIN; ROBERT DEWEY GRIFFIN and wife, LINDA M. GRIFFIN, GWENDOLYN J. DEW and husband, ROBERT E. DEW; TOMMY GEORGE JOYNER and wife, SUE B. JOYNER; JERRY RANDLOPH JOYNER and wife, BETTY E. JOYNER; HERMAN STEVEN JOYNER and wife, TAM F. JOYNER; KATHY J. BENNETT and husband, JAMES LEWIS BENNETT; SANDRA S. WATSON and husband, JACK STEVENS WATSON; and JENNIFER S. SOWELL and husband, JAMES M. SOWELL, JR. v. JENNIFER YVONNE LADD; TWANA SUE WRIGHT; GARY SCOTT YOUNG; MARY ESTHER WOLLETT; JIM ALBERT HARRIS; MONICA LEE HARRIS; CINDY GRIFFIN; MARVIN DEAN GRIFFIN; KELLY RENEE GRIFFIN; CHRISTOPHER GRIFFIN; DONALD RAY DANIEL; TAMMY KAYE GRIFFIN; TIMOTHY CRAIG FISHER; TRACY LYNN DEW; MELISSA CAROL DEW; CINDY CAROL JOYNER; TOMMY GEORGE JOYNER, JR.; SHANNON RENEE JOYNER; JASON SCOTT JOYNER; ASHLEY STEVEN JOYNER; JOSHUA SIDNEY WATSON; MATTHEW JAMES WATSON; HOPE FISHER; all unmarried minors, ANY UNBORN DESCENDANT OF OLIVER D. FISHER, INCLUDING BUT NOT LIMITED TO ANY CHILD HEREAFTER BORN TO OR ADOPTED BY ROBERT L. FISHER, LOTTIE F. CURTIS, ROBERT E. CURTIS, JIMMY CURTIS, DAVID CURTIS, RANDLOPH D. FISHER, RUTH F. LADD, DAVID L. LADD, TODD E. LADD, PAMELA SUE LADD, JENNIFER YVONNE LADD, JOANNE F. YOUNG, TWANA SUE WRIGHT, GARY SCOTT YOUNG, MARGARET F. JONES, CHARLOTTE J. STRUM, JACKIE GRAY STRUM, LOTTIE GENEVA STRUM, BOBBIE J. WOLLETT, THEODORE R. WOLLETT, III, MARY ESTHER WOLLETT, MARGARET J. HARRIS, JIM ALBERT HARRIS, MONI-

Fisher v. Ladd

CA LEE HARRIS, HAZEL F. GRIFFIN, OLIVER DANIEL GRIFFIN, CINDY GRIFFIN, MARVIN DEAN GRIFFIN, WAYNE GRIFFIN, KELLEY RENEÉ GRIFFIN, CHRISTOPHER GRIFFIN, WILLIAM CLIFTON GRIFFIN, TAMMY KAYE GRIFFIN, ROBERT DEWEY GRIFFIN, BUCK FISHER, TIMOTHY CRAIG FISHER, CAROLYN F. JOYNER, GWENDOLYN J. DEW, TRACY LYNN DEW, MELISSA CAROL DEW, TOMMY GEORGE JOYNER, CINDY CAROL JOYNER, TOMMY GEORGE JOYNER, JR., JERRY RANDOLPH JOYNER, SHANNON RENEÉ JOYNER, HERMAN STEVEN JOYNER, JASON SCOTT JOYNER, ASHLEY STEVEN JOYNER, KATHY J. BENNETT, PEGGY F. SNIPES, SANDRA S. WATSON, JOSHUA SIDNEY WATSON, MATTHEW JAMES WATSON, JENNIFER S. SOWELL, BILLY THORPE FISHER, HOPE FISHER, CHRISTOPHER B. FISHER, AMY L. FISHER, KIMBERLY B. FISHER, JENNY K. FISHER AND LILLY ANN FISHER; ANY UNKNOWN DESCENDANT OF OLIVER D. FISHER, INCLUDING BUT NOT LIMITED TO ANY UNKNOWN DESCENDANTS OF ROBERT L. FISHER, LOTTIE F. CURTIS, ROBERT E. CURTIS, JIMMY CURTIS, DAVID CURTIS, RANDOLPH D. FISHER, RUTH F. LADD, DAVID L. LADD, TODD E. LADD, PAMELA SUE LADD, JENNIFER YVONNE LADD, JOANNE F. YOUNG, TWANA SUE WRIGHT, GARY SCOTT YOUNG, MARGARET F. JONES, CHARLOTTE J. STRUM, JACKIE GRAY STRUM, LOTTIE GENEVA STRUM, BOBBIE J. WOLLETT, THEODORE R. WOLLETT, III, MARY ESTHER WOLLETT, MARGARET J. HARRIS, JIM ALBERT HARRIS, MONICA LEE HARRIS, HAZEL F. GRIFFIN, OLIVER DANIEL GRIFFIN, CINDY GRIFFIN, MARVIN DEAN GRIFFIN, WAYNE GRIFFIN, KELLY RENEÉ GRIFFIN, CHRISTOPHER GRIFFIN, WILLIAM CLIFTON GRIFFIN, TAMMY KAYE GRIFFIN, ROBERT DEWEY GRIFFIN, BUCK FISHER, TIMOTHY CRAIG FISHER, CAROLYN F. JOYNER, GWENDOLYN J. DEW, TRACY LYNN DEW, MELISSA CAROL DEW, TOMMY GEORGE JOYNER, CINDY CAROL JOYNER, TOMMY GEORGE JOYNER, JR., JERRY RANDOLPH JOYNER, SHANNON RENEÉ JOYNER, HERMAN STEVEN JOYNER, JASON SCOTT JOYNER, ASHLEY STEVEN JOYNER, KATHY J. BENNETT, PEGGY F. SNIPES, SANDRA S. WATSON, JOSHUA SIDNEY WATSON, MATTHEW JAMES WATSON, JENNIFER S. SOWELL, BILLY THORP FISHER, HOPE FISHER, CHRISTOPHER B. FISHER, AMY L. FISHER, KIMBERLY B. FISHER, JENNY K. FISHER AND LILLY ANN FISHER

No. 797SC1104

(Filed 15 July 1980)

**Trusts § 10.1– consent of all beneficiaries to termination of trust – termination proper**

In N.C. if all the beneficiaries of a trust consent and none of them is under incapacity, they can compel the termination of the trust, even though the period fixed by its terms has not expired; therefore, the trial court did not err in terminating a trust and ordering sale of the trust property and division of the trust assets where testator set up a trust with his wife and children as beneficiaries; the will contained no language that testator intended that a child had to survive the life tenant, testator's wife, in order to acquire an interest in the property; pursuant to the will the wife and children took vested interests in the income and corpus of the trust estate, these interests being determined upon the death of the testator; and all beneficiaries agreed to the termination of the trust.

Fisher v. Ladd

APPEAL by defendants from *Peel, Judge.* Judgment entered 10 October 1979 in Superior Court, NASH County. Heard in the Court of Appeals 14 April 1980.

In this declaratory judgment action, plaintiffs seek the termination of a testamentary trust established by Oliver D. Fisher, who died on 27 November 1958. The portion of that will establishing the trust, relevant to this appeal, provides as follows:

> *THIRD:* It is my wish to adequately provide for my wife and minor children to the best of my ability and it is my opinion that this can best be done by giving the remainder of my estate to a competent Trustee to manage for her. I therefore give, bequeath and devise all the rest and residue of my property of every kind and description and wheresoever the same may be situate to my brother, John T. Fisher, of the County of Nash, State of North Carolina, not for his own use but as Trustee with the powers and for the purposes and upon the trusts herein set forth.

> *FOURTH:* My Trustee is empowered to receive, hold, manage and control the said property until the trust herein created shall be terminated, as hereinafter provided: to invest any and all moneys constituting a part of said trust estate as he shall see fit; to sell at public or private sale, for cash or on time and without order of court, any part of the personal property as my Trustee shall consider for the best interest of my estate and to reinvest the proceeds as he sees fit; to operate my farm in such manner as he considers for the best interest of my estate and to do any and all things incident or necessary to carry out the provisions of this trust. In the event my Trustee is unable to serve or should die I then direct that his successor be appointed by the clerk of the Superior Court of Nash County.

> *FIFTH:* My Trustee shall deliver to my wife, during her life and widowhood, in convenient installments, the net income from my said trust estate in order that she may use the same for the maintenance and support of herself and such of my minor children as she thinks need help.

*SIXTH:* If at any time the income is insufficient for my wife and minor children to have the necessities of life my Trustee is then empowered to use so much of the principal as may be necessary to insure their comfort and welfare, considering always the size of my estate and the probable time that the trust is to run. If my wife or any of my children shall meet with any unforseen calamity or if they are in need because of prolonged sickness or other misfortune, then my Trustee is authorized to make such provision as he deems expedient and as to this he shall be the sole judge.

*SEVENTH:* The trust herein created shall continue during the life and widowhood of my said wife. Upon her death or remarriage the trust herein created shall terminate and my said estate shall be divided equally among my children, the issue of any deceased child to take the share its parent would have taken if living. I have heretofore advanced to my son, Robert L. Fisher, certain money, as evidenced by notes which are now in my possession. It is my desire that these notes be cancelled and that the same shall not be charged against the share of my son, Robert L. Fisher.

On 8 December 1978 a Family Settlement Agreement was executed by all the living adult children and spouses of the children of testator and the successor trustee which provided that the widow and surviving children would seek termination of the trust and a division of the trust assets. The agreement was also executed by all of the living adult descendants and spouses of descendants of testator. On 13 April 1979, plaintiffs filed the present action pursuant to that agreement. Guardians ad litem were appointed for the minor descendants and the unknown and unborn lineal descendants of testator, all filing answers denying the propriety of plaintiffs' petition. On hearing, the trial court made findings of fact, which are not the subject of this appeal, and concluded as a matter of law that the above quoted portion of testator's will "created an active trust, and the laws of North Carolina permit an active trust to be terminated if all of the beneficiaries of the trust have a vested interest and agree to termination." The court entered further conclusions of law:

2. The Will of Oliver D. Fisher . . . created a vested life estate in Anne Clee High Fisher, subject to being divested by her remarriage.

3. The Trust under the Will of Oliver D. Fisher vested a remainder interest in the children of Oliver D. Fisher, as of the death of Oliver D. Fisher.

4. The descendants of Oliver D. Fisher, other than his widow and children, took no interest under the Will of Oliver D. Fisher.

The trial court then ordered that the trust be terminated and the assets distributed in accordance with the Family Settlement Agreement. Defendants appeal, assigning error to the court's conclusions of law supporting the order of termination.

*Davenport and Fisher, by John E. Davenport, for plaintiff appellees.*

*Ralph G. Willey III, Robert D. Kornegay, Jr. and John S. Williford, Jr., for Guardian Ad Litem defendant appellants.*

MORRIS, Chief Judge.

This appeal involves the principles of law relating to the termination of testamentary trusts prior to their natural expiration. Defendants assert as grounds for reversal of the trial court's ruling that the testamentary trust was improperly terminated in that there was given no consent by all parties having an interest in the trust, and that several parties did not have a vested interest in the trust which would enable them to give effective consent to early termination. In North Carolina, if all the beneficiaries of a trust consent and none of them is under incapacity, they can compel the termination of the trust, even though the period fixed by its terms has not expired. *Solon Lodge v. Ionic Lodge,* 247 N.C. 310, 101 S.E. 2d 8 (1957); *Wachovia Bank and Trust Co. v. Laws,* 217 N.C. 171, 7 S.E. 2d 470 (1940); *Wachovia Bank and Trust Co. v. Sevier,* 41 N.C. App. 762, 255 S.E. 2d 636, *cert. denied,* 298 N.C. 304, 259 S.E. 2d 305 (1979). *See generally* 76 Am. Jur. 2d, *Trusts* §§ 75, 76, 80 (1975).

We note at the outset that neither the validity of the Family Settlement Agreement nor the percentage amounts given to each party therein is before us for consideration. Defendants have not excepted to the findings of fact by the trial judge, and those findings are deemed conclusive on appeal. *See Moss v. City of Winston-Salem*, 254 N.C. 480, 119 S.E. 2d 445 (1961). We are not, however, necessarily bound by the findings of fact which go to the nature of the interests held by the various beneficiaries. The nature of a trust beneficiary's interest is a question of law to be determined in light of the distributive provisions of the instrument itself.

The will of testator is utterly devoid of any language which would indicate that the testator intended that a child had to survive the life tenant in order to acquire an interest in the property. The testator's direction with respect to representation merely referred to the time the estate could be enjoyed in possession. It is clear that, under the will of Oliver D. Fisher, the wife and children took vested interests in the income and corpus of the trust estate, these interests being determined upon the death of the testator. *Roberts v. Northwestern Bank*, 271 N.C. 292, 156 S.E. 2d 229 (1967); *Pinnell v. Dowtin*, 224 N.C. 493, 31 S.E. 2d 467 (1944); *Witty v. Witty*, 184 N.C. 375, 114 S.E. 482 (1922). All these beneficiaries consented to the termination of the trust.

No other interests passed by the will, although testator provided for representation by the children of any of testator's children who predecease the life tenant. The children of the deceased son of testator, Georgie B. Fisher, share in the trust proceeds by this provision, and all have agreed to the termination of the trust.

Where the beneficiaries under a will validly contract with other interested persons in regard to their respective interests in the estate, such agreement constitutes an effective compromise of their claims. *Reynolds v. Reynolds*, 208 N.C. 254, 180 S.E. 70 (1935). These agreements have long been favored by our courts. *See Spencer v. McCleneghan*, 202 N.C. 662, 163 S.E. 753 (1932).

We conclude and so hold that the judgment terminating the trust and ordering the sale of the trust property and subsequent division of the trust assets in accordance with the settlement agreement was fair and proper with respect to all the parties.

Affirmed.

Judges PARKER and WELLS concur.