RUFUS L. EDMISTEN, ATTORNEY GENERAL OF THE STATE OF NORTH CAROLINA v. ALEXANDER P. SANDS, III, EXECUTOR AND TRUSTEE UNDER THE LAST WILL AND TESTAMENT OF ROYAL WARE SANDS, DECEASED, MRS. ESTELLE S. TATEM, MRS. HUGH S. WHITE, MRS. EDNA S. JARMAN, AND WILLIAM C. STOKES, CHAIRMAN OF THE BOARD OF TRUSTEES OF THE MAIN STREET UNITED METHODIST CHURCH, REIDSVILLE, NORTH CAROLINA, AND LILLIAN P. BALSLEY, LEWIS VUN CANNON, J. EARL CONNOLLY, CLARK M. HOLT, STANFORD KALLAM, LARRY G. SOMERS, JERRY W. TURPIN, J. THOMAS WILLIAMS, AND DEAN CRADDOCK, MEMBERS OF THE BOARD OF TRUSTEES OF THE MAIN STREET UNITED METHODIST CHURCH, REIDSVILLE, NORTH CAROLINA

No. 439PA82

(Filed 8 March 1983)

**1. Trusts § 4.2— construction of charitable trust—statute inapplicable**

Since G.S. 36A-53(b) applies only to wills and trusts created prior to 31 December 1978, that statute cannot be the basis for ordering construction of a will executed on 23 August 1979 as requiring a charitable remainder unitrust created therein to be administered in accordance with IRS Regulations.

**2. Trusts § 4.2— charitable remainder unitrust—impracticable of fulfillment**

A charitable remainder unitrust created by a will was "impracticable of fulfillment" within the meaning of G.S. 36A-53(a) and (d) where the will failed to include a prohibition against self-dealing by the trustee and failed to include other administrative provisions required by IRS Regulations so that the trust will qualify for the federal estate tax charitable deduction and the federal income tax exemption.

**3. Trusts § 4.2— charitable remainder unitrust impracticable of fulfillment—appropriate remedy**

Where a charitable remainder unitrust created by a will was "impracticable of fulfillment" because the will did not contain provisions requiring administration of the trust in accordance with IRS Regulations so that the trust would qualify for the federal estate tax charitable deduction and federal income tax exemption, the appropriate remedy under G.S. 36A-53 to assure "as nearly as possible" the fulfillment of the testator's intent was a mere construction of the instrument to require administration of the trust in compliance with the applicable IRS Regulations, and the trial court erred in also reform-

ing the will to include the omitted administrative provisions required by the IRS Regulations.

Justice MITCHELL did not participate in the consideration or decision of this case.

ON discretionary review prior to determination in the Court of Appeals pursuant to G.S. 7A-31, from an order construing and reforming the will of Royal Ware Sands, entered 26 February 1982 in Superior Court, ROCKINGHAM County, by *Morgan, J.*

The testator, Royal Ware Sands, died on 28 February 1980 and his will, dated 23 August 1979, was duly admitted to probate in the office of the Clerk of Superior Court of Rockingham County, North Carolina. Alexander P. Sands, III, was appointed executor of the estate.

Under the provisions of the will, after the payment of expenses, debts and specific bequests, the remainder of the estate is to be transferred to a charitable remainder unitrust. Alexander P. Sands, III, the trustee of said charitable trust, is directed to distribute annually an amount equal to the lesser of five percent of the net fair market value of the trust assets, as determined annually, or the trust income, to the decedent's three sisters for life. Upon the death of the survivor of the sisters, the trust assets are to be transferred outright to the trustees of the Main Street United Methodist Church of Reidsville, North Carolina. The trustees are instructed to invest and reinvest the corpus and to use the income and, in their discretion, the principal, to provide scholarships for the children of Methodist families in the Reidsville area to attend summer camps and institutions of higher learning in North Carolina.

The executor maintains that this trust qualifies as a charitable remainder unitrust under Section 664 of the Internal Revenue Code and that therefore the value of the remainder interest passing irrevocably to the charitable beneficiary, the trustees of the Main Street United Methodist Church, qualifies for a charitable deduction under federal estate tax law. He further takes the position that the income of the trust is exempt from federal income tax under applicable Code provisions. On 26 November 1980, the executor filed a federal estate tax return claiming the charitable deduction above described.

The Internal Revenue Service (IRS) has issued a revenue agent's report denying the charitable deduction and proposing an adjustment that would increase the estate tax liability by more than $300,000. The IRS maintains that the trust does not qualify for either the federal estate tax charitable deduction or the federal income tax exemption because certain technical administrative provisions required by the Regulations to be included in all instruments creating a charitable remainder unitrust were not expressly included in the will. These Regulations have been promulgated by the IRS in interpreting and implementing Section 2055 and Section 664 of the Internal Revenue Code. The specific required provisions which were omitted from the will of Royal Sands will be discussed later in this opinion.

On 31 December 1981, the Attorney General of North Carolina, acting in the public interest, filed a complaint pursuant to G.S. 36A-52 seeking a judgment construing the will to provide that the trust must be administered in accordance with the requirements of the IRS Regulations pertaining to charitable remainder unitrusts. Alternatively, the Attorney General sought reformation of the trust, effective as of the date of death of the decedent, so as to include all necessary technical administrative provisions. The complaint was served on all defendants named in this action, the IRS and the United States Attorney for the Middle District of North Carolina. The IRS and the United States Attorney, however, chose not to intervene below to oppose the relief sought by the Attorney General.

A hearing on the merits was held before the Honorable Melzer A. Morgan, Jr. On 26 February 1982, Judge Morgan entered a judgment granting the relief sought in its entirety. He ordered that the will be construed from its inception as requiring administration of the trust in accordance with Section 664 of the Internal Revenue Code and all Regulations promulgated thereunder. Additionally, he ordered that the trust be reformed *nunc pro tunc* so as to include all necessary provisions respecting administration of charitable remainder unitrusts.

The appellants, the Board of Trustees of the Main Street United Methodist Church and the individual members thereof, filed a timely notice of appeal from the judgment entered by Judge Morgan. We allowed defendant's petition for discretionary review prior to determination by the Court of Appeals on 3 August 1982.

On 6 August 1982, the United States Department of Justice, on behalf of the IRS, requested a 60-day extension of time in which to determine whether it wished to file a brief *amicus curiae* on this appeal. We granted this requested extension on 9 August 1982. The Department of Justice notified this Court by letter dated 6 October 1982 that, upon review of the facts and circumstances of this case, it had decided not to participate as *amicus curiae.* Thus, the IRS has not opposed the relief sought by the Attorney General at any stage of this proceeding.

*Womble, Carlyle, Sandridge & Rice, by Linwood L. Davis and Gregory L. Smith, for defendant-appellants.*

*Rufus L. Edmisten, Attorney General, by George W. Boylan, Assistant Attorney General and Marilyn R. Rich, Assistant Attorney General, for plaintiff-appellee.*

*Tuggle, Duggins, Meschan, Thornton & Elrod, by Thomas W. Sinks and J. Reed Johnston, Jr., for defendant-appellee Alexander P. Sands, III, Executor and Trustee under the Last Will and Testament of Royal Ware Sands, Deceased.*

*Holt & Watt, by Clark M. Holt, for defendant-appellees Mrs. Hugh S. White and Larry W. Jarman, Executor of the Estate of Edna S. Jarman, Deceased.*

*Day, Summs & Epps, by E. Kenneth Day, for defendant-appellee Mrs. Estelle S. Tatem.*

BRANCH, Chief Justice.

The sole question presented for review concerns the propriety of the trial court's judgment construing and reforming the will of Royal Ware Sands so as to require administration of the trust in accordance with technical administrative provisions set forth in Internal Revenue Service Regulations governing charitable remainder unitrusts.

In ordering the relief requested by the Attorney General in this proceeding, the trial court concluded as a matter of law that to the extent the federal estate and income tax liability would be increased by a failure of the trust to qualify as a charitable remainder unitrust, this would constitute a partial failure of the trust within the contemplation of G.S. 36A-53(a) and (b). He also

concluded that the omission of the required administrative provisions would affect a partial voiding of the trust in violation of the public policy of this State as expressed in G.S. 36A-52.

This Court unquestionably concurs with the trial court's finding that the public policy of North Carolina is to preserve, to the fullest extent possible, the manifested intention of a testator or donor to bestow a gift for charitable purposes. The policy of protecting charitable trusts is repeatedly declared throughout the statutory provisions of Chapter 36A.

We must disagree, however, with the statutory analysis employed by the trial court in reaching the result in instant case.

[1] First, we note that G.S. 36A-53(b) has no application to this trust and cannot therefore be the basis for ordering a construction of the instrument to comply with applicable IRS Regulations. G.S. 36A-53(b) applies only to wills and trusts created prior to 31 December 1978. The will before us was executed on 23 August 1979.

[2] We are of the opinion that the situation here presented falls squarely within the terms of G.S. 36A-53(a) and (d). G.S. 36A-53(a) provides, in pertinent part:

> If a trust for charity is or becomes illegal, or impossible or impracticable of fulfillment or if a devise or bequest for charity, at the time it was intended to become effective is illegal, or impossible or impracticable of fulfillment, and if the settlor, or testator, manifested a general intention to devote the property to charity, any judge of the superior court may, on application of any trustee, executor, administrator or any interested party, or the Attorney General, order an administration of the trust, devise or bequest as nearly as possible to fulfill the manifested general charitable intention of the settlor or testator. . . . This section shall not be applicable if the settlor or testator has provided, either directly or indirectly, for an alternative plan in the event the charitable trust, devise or bequest is or becomes illegal, impossible or impracticable of fulfillment. However, if the alternative plan is also a charitable trust or devise or bequest for charity and such trust, devise or bequest for charity fails, the intention shown in the original plan shall prevail in the application of this section.

Under this statute, all that need be shown to enable a superior court judge to order an administration of the trust is that: (1) the trust is a charitable trust, *i.e.*, that the "settlor, or testator, manifested a general intention to devote the property to charity"; (2) the trust "is or becomes illegal, or impossible or impracticable of fulfillment"; and (3) no alternative disposition is made of the corpus in the event the charitable trust fails.[1]

This record reflects, without question, that Royal Ware Sands intended for the trust assets to be devoted to a charitable purpose. In his will, he lamented that he was unable to experience the joys of summer camp and that he was not presented with the opportunity to attend college. So that others might enjoy these opportunities, he entrusted the bulk of his estate to the trustees of the Main Street United Methodist Church, confident in the belief that they would carry out his wishes to provide scholarships for Methodist children desiring to attend camps and institutions of higher learning in North Carolina. Mr. Sands' intent in this endeavor could hardly be more manifestly expressed.

The record reveals that the third requirement of G.S. 36A-53(a) is also met in this case in that the will does not provide for an alternate disposition of the corpus in the event the trust fails as a charitable trust. Thus, we focus our inquiry on the meaning of the words "illegal, or impossible or impracticable of fulfillment" as they are used in the statute to determine whether G.S. 36A-53(a) is appropriately applied in this case.

The phrase "impracticable of fulfillment" is defined in G.S. 36A-53(d). That statute provides as follows:

> The words "impracticable of fulfillment," as used in this section shall include, but shall not be limited to, the failure of any trust for charity, testamentary or inter vivos, (including, without limitation, trusts described in section 509 of the Internal Revenue Code of 1954 or corresponding provisions of

---

1. We note that the statutory scheme of G.S. 36A-53(a), and the strong public policy embodied therein, is merely reflective of the well-established principle that courts, in the exercise of their equitable powers, may modify the terms of a trust instrument, consistent with the settlor's intentions, in order to preserve the trust. *Penick v. Bank of Wadesboro*, 218 N.C. 686, 12 S.E. 2d 253 (1940); *Wachovia Bank & Trust Co. v. Laws*, 217 N.C. 171, 7 S.E. 2d 470 (1940); *Reynolds v. Reynolds*, 208 N.C. 578, 182 S.E. 341 (1935).

any subsequent federal tax laws and charitable remainder trusts described in section 664 of the Internal Revenue Code of 1954 or corresponding provisions of any subsequent federal tax laws) to include, if required to do so by section 508(e) or section 4947(a) of the Internal Revenue Code of 1954 or corresponding provisions of any subsequent federal tax laws, the provisions relating to governing instruments set forth in section 508(e) of the Internal Revenue Code of 1954 or corresponding provisions of any subsequent federal tax laws.

In sum, this statute provides that the term "impracticable of fulfillment" includes, but is not limited to, the failure of any charitable remainder unitrust to expressly include a provision prohibiting the trustee from engaging in any act of self-dealing. *See* 26 USC § 508(e)(1)(B). The legislature's obvious purpose in enacting G.S. 36A-53(d) was to make clear that the imposition of additional federal tax liability as a result of a failure to include the "boilerplate" required by IRS Regulations would constitute impracticability of fulfillment so as to invoke the application of G.S. 36A-53(a).

The legislature has also clearly indicated that the prohibition against self-dealing is not the only administrative requirement the omission of which will invoke the application of the statute. G.S. 36A-53(d) specifically mentions the prohibition against self-dealing and then refers to "corresponding provisions of any subsequent federal tax laws." In addition to the prohibition against self-dealing by the trustee, the instrument at issue here failed to provide for a number of other administrative procedures and contingencies. Each of the omitted provisions is required by the Regulations promulgated by the IRS in construing section 664 and section 2055 of the Code.[2] Each of them are detailed ad-

---

2. In addition to the prohibition against self-dealing, the trust instrument at issue here failed to explicitly set forth the following provisions: (1) a provision setting forth valuation dates [Treas. Reg. §§ 1.664-3(a)(1)(v)(a)(3) and (b)(1)(iii)]; (2) a provision setting forth the remedy in the event of an incorrect determination of the net fair market value of the trust assets [Treas. Reg. § 1.664-3(a)(1)(iii)]; (3) a provision governing amounts to be paid for a year in which the noncharitable interests terminate [Treas. Reg. § 1.664-3(a)(1)(v)(b)]; (4) a provision governing additional contributions to the charitable remainder unitrust [Treas. Reg. § 1.664-3(b)]; (5) a provision providing for the transfer of trust assets to a qualified organization in the event the named organization does not qualify under § 170(c) of the Internal Revenue Code [Treas. Reg. § 1.664-3(a)(6)(iv)]; and a provision governing amounts to be paid for a period of less than twelve months [Treas. Reg. § 1.664-3(a)(1)(v)(a)].

ministrative requirements which relate to charitable remainder unitrusts and which, if not included, would result in the imposition of additional federal tax liability. We therefore conclude that the failure to include the prohibition against self-dealing and the failure to include the other required administrative provisions renders this trust "impracticable of fulfillment" under G.S. 36A-53.

[3] Having determined that G.S. 36A-53(a) governs the disposition of this case, we must determine the appropriate nature of relief to be granted. G.S. 36A-53 expressly directs the court to "order an administration of the trust, devise or bequest as nearly as possible to fulfill the manifested general charitable intention of the settlor or testator."

The trial court fashioned a remedy whereby the instrument was construed so as to require administration of the trust in compliance with all the necessary technical provisions. The trial judge also ordered reformation of the trust to include the omitted administrative provisions required by the Regulations.

We are not convinced that by construing *and* reforming the will, the trial judge assured, "as nearly as possible," the fulfillment of the testator's intent. Obviously, the manifested intent of Royal Sands included the intent to give to the charitable beneficiary all monetary benefits of the charitable deduction and exemption provisions of the Code, for this would permit more money to be devoted to the charitable purpose of educating and enriching the lives of young people by sending them to summer camp. We find that the remedy most likely to fulfill Sands' charitable purpose is a mere *construction* of the instrument to require administration in compliance with the applicable Code provisions and Regulations. We reject reformation as an appropriate remedy in this case because the Internal Revenue Service takes the position that a governing instrument speaks as of the date it becomes effective, in this case, the date of death of Royal Sands. Under this view, the tax consequences would become fixed at that time. Arguably, an order *reforming* the trust would only speak from the date of the entry of the order and would not assure the favorable tax treatment with respect to the charitable deduction. Conversely, an order *construing* the will to require from its creation administration in compliance with the Regulations would assure that the estate will be entitled to the charitable deduction.

In *Estate of Bird*, 69 Misc. 2d 1015, 332 N.Y.S. 2d 85 (Sur. Ct. N.Y. 1972), the trust at issue lacked many of the provisions required by the IRS Regulations in order to qualify as a charitable remainder unitrust. The New York Court, in a situation almost identical to the case at bar, held that construction, rather than reformation, was the proper remedy to assure that the trust was administered in a manner consistent with the dictates of the Regulations.

This remedy of construction is completely consistent with the statutory command to administer the trust "consistent with the intent of the settlor or testator." This is not to say that G.S. 36-53(a) requires construction in every case or that reformation is never consistent with the policy expressed by the statute. The appropriate remedy to be ordered in any given case must be determined on an *ad hoc* basis and may depend on any number of factors affecting the tax consequences of a particular transaction.

We hold, however, that in this case, the trust created by the will of Royal Ware Sands should be construed so as to include the administrative provisions required by the Internal Revenue Service Regulations to be included in governing instruments of charitable remainder unitrusts. We therefore direct that the Sands trust be administered in full compliance with applicable Regulations and Code provisions.

We vacate that portion of the trial judge's order reforming the will to include such provisions since this measure will not assure, "as nearly as possible," the fulfillment of the testator's intent.

The judgment entered by Judge Morgan on 26 February 1982, except as herein partially vacated and modified, is affirmed.

Vacated in part, modified and affirmed.

Justice MITCHELL did not participate in the consideration or decision of this case.