MARTHA HORNE, PLAINTIFF v. TIMBER HILL HOLDINGS; CLIFTON DOTTER, LATROBE, LTD., BARBARA A. CONE, MORTON & OXLEY, LTD., TRUSTEE, DEFENDANTS

No. COA03-504

(Filed 6 April 2004)

**Trusts— dissolution—consent—necessity or expediency**

    The trial court erred by dissolving the pertinent trust, because: (1) the parties did not consent to dissolution of the trust; and (2) dissolution was neither necessary nor expedient when its purpose can still be fulfilled.

Appeal by defendant Barbara A. Cone from an order and final judgment entered 5 July 2002 by Judge James U. Downs in Macon County Superior Court. Heard in the Court of Appeals 28 January 2004.

*Jones, Key, Melvin & Patton, P.A., by R. S. Jones, Jr., for plaintiff-appellee.*

*Philo & Spivey, P.A., by David C. Spivey, for defendant-appellant Barbara A. Cone.*

HUNTER, Judge.

Barbara A. Cone ("Cone") appeals an order and final judgment dissolving a trust of which she and Martha Horne ("Horne") were the sole beneficiaries. Having concluded that the parties did not consent to dissolution of the trust or that such dissolution was neither necessary nor expedient, we reverse.

Horne and her former husband, Clifton Dotter ("Dotter"), established a common law business trust organization on or about 29 January 1990 entitled Timber Hill Holdings. The trust was to continue for twenty years; however, the Board of Trustees were allowed to terminate it earlier if "(1) any condition or circumstance . . . threaten[ed] the value or corpus of the [trust]; (2) or any reason determined by the Board of Trustees to be good cause." Horne and Dotter were the sole beneficiaries of the trust, and they both were issued fifty capital units of the trust, the total number of capital units authorized and issued being one hundred. Horne and Dotter subsequently conveyed a four-acre tract of land ("the property") that they had previously acquired in Macon County to the trust by deed dated 1 February 1990. The property constituted the sole asset of the trust.

Horne and Dotter divorced in March of 1993. In January of 1999, Dotter transferred his fifty capital units of the trust to Cone. Around that time, Horne became dissatisfied with the administration of the trust and sought its dissolution by complaint filed 2 May 2000. Specifically, Horne alleged that the trustee of the trust (LaTrobe, Ltd. and its successor, Morton & Oxley, Ltd.) failed to take an active part in the management of the trust, failed to pay real property ad valorem taxes to Macon County on the property, and allowed the trust assets to "lie fallow to the great harm and detriment of the Plaintiff." Thus, Horne prayed that the trust "be terminated and its assets distributed in kind to the unit holders in proportion to their ownership interest."

The matter, deemed to be an action in equity, was heard by the trial court without a jury on 24 June 2002. Based on the evidence offered at trial, the court found that the express purpose of the trust was to insulate the couple's "assets from being seized as a result of some potential judgment or other obligation[.]" However, the trial court further found, *inter alia*:

> That the purposes for which the Trust was originally established no longer exist[ed] in that: (a) the beneficiaries are no longer married to each other, (b) except for the real property that is the sole asset of this Trust, the original beneficiaries have no common interest in any property, and (c) that further one of the beneficiaries has conveyed his interest in the Trust to a lady-friend who happens to be Barbara A. Cone.

Thus, in an order filed 5 July 2002, the court concluded that the trust be "revoked, annulled and dissolved." Cone and Horne were declared "to be tenants in common of all assets of the Trust, specifically including the four acre (4-acre) more or less tract of land described in the deed . . . , each owning an undivided one-half interest therein, without any restrains or prohibitions imposed upon them by the terms of the Trust." Cone appeals.

I.

Cone argues the trial court erred in dissolving the trust because such dissolution was not necessary or expedient, or consented to by all interested parties. We agree.

"[A] court of equity has the power by consent of the interested parties . . . to close a trust and distribute the assets thereof sooner than was contemplated by the trustor[.]" *Trust Co. v. Laws*, 217 N.C. 171, 172, 7 S.E.2d 470, 470 (1940). *See also Cassada v. Cassada*, 103 N.C. App. 129, 137, 404 S.E.2d 491, 495 (1991) ("a trust may be voluntarily terminated by act or agreement of all the beneficiaries"). When there is a lack of consent as to the continuation of a trust,

> ordinarily a court of equity has the power to do what is necessary to be done to preserve a trust from destruction, and in the exercise of that power may, under certain unusual circumstances, modify the terms of the trust to that end, [but] such court has not the power to defeat and destroy the trust.

*Duffy v. Duffy*, 221 N.C. 521, 528, 20 S.E.2d 835, 839 (1942). However:

"A court of equity may have the power to terminate a trust and distribute the trust property prior to the happening of the contingency prescribed by the trustor, but only when such action is necessary or expedient." "[T]he condition or emergency asserted must be one not contemplated by the testator and which, had it been anticipated, would undoubtedly have been provided for[.]"

*Moore v. Trust Co.*, 24 N.C. App. 675, 677, 212 S.E.2d 170, 171 (1975) (citations omitted).

By the very nature of this action, it is clear that Horne and Cone did not consent to dissolution of the trust. There was also no evidence that Horne sought the trust's dissolution pursuant to the termination provisions set forth in the trust. Therefore, we must determine whether the trial court's dissolution was necessary or expedient. Horne essentially argues that dissolution of the trust was necessary or expedient because the value of the property would likely erode as a result of she and Cone being unable to reach a viable arrangement regarding the administration of the trust. She contends that the lack of such an arrangement (due in part to their strained relationship) would prevent the purpose of the trust from being fulfilled, i.e., protection of the trust assets.

In *Moore*, this Court addressed a similar argument whereby a plaintiff/beneficiary sought the termination of a trust because she was dissatisfied with the benefits and administration of that trust. We held as follows:

Although plaintiff's challenge stems from her dissatisfaction with the consideration and benefits of the trust, and with the administration of the trust, we cannot say that these are conditions or emergencies which were not contemplated by the testator. Trusts will not be modified on technical objections merely because interested parties' welfare will be served thereby. Furthermore, the grandchildren of the testor [sic] have, under the terms of the will, an expectancy in the marital trust. As interested parties, the trust cannot be terminated without their consent. "It is not the province of the courts to substitute their judgment or the wishes of the beneficiaries for the judgment and wishes of the testator. The controlling objective is to preserve the trust and effectuate the primary purpose of the testator." The trial court's entry of judgment dismissing the action was correct.

*Id.* at 677, 212 S.E.2d at 171 (citations omitted).

The purpose of the trust in the instant case was to insulate the trust assets "from being seized as a result of some potential judgment or other obligation[.]" The trial court subsequently dissolved the trust after concluding that the divorce of Horne and Dotter, as well as Dotter transferring his interests in the trust to Cone, was contrary to that original purpose. Yet, there was no evidence, and the trial court did not find, that the continuation of the trust was contingent (1) on the continued marriage of the original beneficiaries, or (2) on either beneficiary agreeing not to transfer some or all of his/her capital units in the trust to another. Without more, all we have is Horne's dissatisfaction with the administration of the trust, which merely amounted to "technical objections" that could have occurred even if she and Dotter had remained the beneficiaries of the trust and regardless of their marital status. As stated previously, "[t]rusts will not be modified on *technical objections* merely because interested parties' welfare will be served thereby." *Id.* (emphasis added). Thus, like the *Moore* Court, we cannot conclude the trial court's reasons for dissolving the trust were not contemplated and/or anticipated when the trust was formed.

Finally, we note that our Supreme Court has recognized that the dissolution of a trust may occur when there is change in conditions regarding the trust parties that was not anticipated by the trustor. Specifically, in *Trust Co. v. Johnston*, 269 N.C. 701, 153 S.E.2d 449 (1967), the Supreme Court stated:

"Sometimes a settlor gives instructions in the trust instrument with regard to the administration of the trust which turn out to be highly disadvantageous and obstruct the trustee in carrying out the purposes which the settlor expressed. These difficulties are usually due to a change in conditions regarding the trust property or *parties* which have occurred since the trust was established and were not anticipated by the trustor . . . ."

*Id.* at 708, 153 S.E.2d at 455 (citation omitted) (emphasis added). However, unlike *Johnston*, the present case involved a change in the trust parties and not the trust property. Moreover, the trial court's findings of fact in the instant case do not indicate that the trust administrative instructions themselves are now highly disadvantageous and obstruct protection of the trust assets as a result of that change. Therefore, there is no change of conditions that necessitate the trust being dissolved pursuant to the rule set out in *Johnston*.

Accordingly, in light of a lack of consent between Horne and Cone, as well as dissolution of the trust being neither necessary nor expedient because its purpose can still be fulfilled, we conclude the trial court erred. *See* 90 C.J.S. *Trusts* § 118 (2002) (recognizing that some jurisdictions allow the dissolution of a trust when the purpose of that trust is impossible to fulfill). Based on this conclusion, we need not address Horne's second assignment of error.

Reversed.

Judges McCULLOUGH and LEVINSON concur.